## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

1.  EVA KOPADDY, as Personal    )
    Representative of the Estate of    )
    Ronald Given, Deceased,    )
    )
          Plaintiff,    )
    )
v.    )    Case No. CIV-20-1280-G
    )
1.  POTTAWATOMIE COUNTY PUBLIC    )
    SAFETY CENTER, an Oklahoma Title 19    )
    Authority; *et al.*,    )
    )
          Defendants.    )

## DEFENDANT POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Pottawatomie County Public Safety Center, by and through counsel of record, respectively moves this Court, pursuant to Rule 12 (b) (6) of the Fed. R. Civ. P., for dismissal of all causes of action alleged in Plaintiffs' Complaint (Dkt. 1) as the Complaint fails to state any cause of action which would entitle the Plaintiff to any relief against this Defendant. The legal and factual basis for the Motion to Dismiss are more fully set forth in the accompanying Brief in Support.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Pottawatomie County Public Safety Center ("PCPSC") submits this Brief in Support of its Motion to Dismiss.

Plaintiff, the Personal Representative of the Estate of Ronald Given, has brought this civil lawsuit alleging violations of Decedent's federal constitutional and Oklahoma state statutory and constitutional rights by alleged actions or inactions by unspecified

Defendants. The Complaint identifies one of the Defendants as "Pottawatomie County Public Safety Center" and describes the PCPSC as an Oklahoma Title 19 Authority. The Pottawatomie County Public Safety Center is the Pottawatomie county jail, not a legal entity unto itself. It is owned, funded and operated by the Pottawatomie County Public Safety Center Trust, a public trust established under Title 60 of the Oklahoma statutes for the building, funding and operation of the jail.

## STATEMENT OF RELEVANT FACTS
## AS SET FORTH IN THE COMPLAINT[1]

1.    Ronald Given was arrested by officers with the Shawnee Police Department and transported to the Pottawatomie County Public Safety Center, where Mr. Givens was booked into the jail on January 9, 2019. (Dkt. 1, ¶¶ 22 and 27).

2.    Mr. Given was involved in an incident in the jail on that same date and was transported to an outside medical facility.   (Dkt. 1, ¶ 34).

3.    Mr. Given died on January 16, 2019.   (Dkt. 1, ¶ 37).

## STANDARD OF REVIEW

In considering a 12(b)(6) motion, the truth of a plaintiff's *well-pled* factual allegations must be viewed in the light most favorable to the plaintiff.   *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). In this regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S.41 (1957)). Furthermore, a plaintiff's "[f]actual allegations must be enough to

---

[1] Defendants accept these facts as true for purposes of this motion only and do not concede the truthfulness of these facts for any other purpose or pleading in this litigation.

2

raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965.   The complaint must possess enough heft to "show that the pleader is entitled to relief." *Id*. at 1966. It is the plaintiff's duty to furnish factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id*.

The court need not credit bald assertions or legal conclusions. *Anspach v. Philadelphia Department of Public Health*, 503 F.3d 256, 260 (3d Cir. 2007) (citation omitted).   "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (citation omitted). A "[p]laintiff's obligation to provide the 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly* 127 S.Ct. at 1964-65).

The rule in *Twombly* has been applied by the Tenth Circuit. *See Ton Services, Inc. v. Qwest Corporation*, 493 F.3d 1225, 1236 (10th Cir. 2007) (noting that *Twombly* "articulated a new 'plausibility' standard under which a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'"); *Alvarado v. KOB-TV*, 493 F.3d 1210, 1215 (10th Cir. 2007) (similarly recognizing the plausibility standard); *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (noting *Twombly's* observation that the previous standard of evaluating motions to dismiss in federal court "has earned its retirement").

"The Court must ask whether there is plausibility in the complaint when addressing the issue of sufficient factual pleadings to overcome a FRCP 12(b)(6) Motion

3

to Dismiss." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009), *citing Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). The *Hall* court also found that the complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level. *Id.* The court further held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall* at 863, *citing Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In *Iqbal*, the court stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability, and that "threadbare recitals" of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal* at 1949.

## I.   PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THIS DEFENDANT AS THE POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER IS NOT A LEGAL ENTITY SUBJECT TO SUIT UNDER OKLAHOMA LAW

In the Complaint, Plaintiff names "Pottawatomie County Public Safety Center," which serves as the Pottawatomie County jail, as a party Defendant.   However, the PCPSC is entitled to dismissal as it is simply not an entity subject to suit under Oklahoma law.

The Pottawatomie County Public Safety Center is the county jail built, owned, funded and operated by an Oklahoma political subdivision, the Pottawatomie County Public Safety Center Trust ("PCPSC Trust").   The Trust was created in 2002 pursuant to

Title 60, O.S. §§ 176 – 180.4. It was created for the benefit of Pottawatomie County and is a separate and distinct political subdivision under Oklahoma law.[2]

Title 60, Section 176.1.D establishes that the Trust itself is a separate political subdivision from the political subdivision which is the beneficiary of the trust:

> D.      Except where the provisions of the trust indenture or of Section 176 et seq. of this title, or of any other law written specifically to govern the affairs of public trusts, expressly requires otherwise, the affairs of the public trust shall be separate and independent from the affairs of the beneficiary in all matters or activities authorized by the written instrument creating such public trust including, but not limited to, the public trust's budget, expenditures, revenues and general operation and management of its facilities or functions; provided, that either the public trust or the beneficiary may make payment of money to the other unless prohibited by the written instrument creating such public trust or by existing state law.

Further, 51 O.S. § 152 (11) of the Oklahoma Governmental Tort Claims Act defines a "political subdivision" but also distinguishes between a county and a public trust:

> 11.     "Political subdivision" means:
>
> a.    a municipality,
>
> b.    a school district, including, but not limited to, a technology center school district established pursuant to Section 4410, 4411, 4420 or 4420.1 of Title 70 of the Oklahoma Statutes,

---

[2] The Trust Indenture establishing the Pottawatomie County Public Safety Center Trust is a public record filed with the Oklahoma Secretary of State having been filed on March 27, 2002. The Defendant would ask that the Court take judicial notice of the Trust Indenture pursuant to Fed. R. Evid. 201, which permits a court to take judicial notice of a fact that is not subject to reasonable dispute. The establishment and operational basis of the PCPSC Trust can be readily verified from the Oklahoma Secretary of State, a readily available source "whose accuracy cannot reasonably be questioned."   For the convenience of the Court, a copy of the Trust Indenture on file with the Oklahoma Secretary of State is attached as Exhibit 1.

    c.  a county,

    d.  **a public trust where the sole beneficiary or beneficiaries are a city, town, school district or county. . . .**

(emphasis added).

Here, the jail, or PCPSC, is the property of and operated by the Pottawatomie County Public Safety Center Trust. The jail itself is not the political subdivision. The Pottawatomie County Public Safety Trust is the political subdivision under state law but the Trust not been named as a defendant in the Complaint. (*See* Dkt. 1).

Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12, § 2017(B). However, the PCPSC is not a person, corporation, partnership, or unincorporated association under Oklahoma law.   Rather, under Oklahoma law, the PCPSC does not enjoy a separate legal existence from the PCPSC Trust. *See* Okla. Stat. tit. 51, § 152. Defining those governmental entities that may bear liability under the Oklahoma Governmental Tort Claims Act ("OGTCA")[3], the statute defines "political subdivision" to include a county. Okla. Stat. tit. 51, §152(11)(c).   The OGTCA definition of a political subdivision does not include any other county office or department, and courts have consistently and expressly ruled that such offices and departments, such as a sheriff's department, are not legal entities subject to suit. *See Lindsey v. Thompson*, 550 F.Supp.2d 1285, 1289 (E.D. Okla. 2006) (holding that the Carter County Sheriff's

---

[3]   Plaintiff's federal claims are brought under 42 U.S.C. § 1983 while the state law claims are necessarily brought under the provisions of the Oklahoma Governmental Tort Claims Act. *See* Okla. Stat. tit. 51, §§ 151, *et seq.*

Department is not a suable legal entity).   As such, the PCPSC, like any other office or department of a political subdivision, may not be sued under state law because it lacks legal identity apart from the political subdivision itself.

Moreover, courts have consistently held that a county or local jail is not a legal entity and lacks the capacity to be sued. *See Lewis v. Houston County Jail*, 876 F.Supp. 861, 865, n.1 (E.D. Tex. 1995) ("The Houston County Jail is not a legal entity capable of suit."); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.'   Cook County Jail is not a 'person' – it is not a legal entity to begin with."); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); *Smith v. Franklin County*, 227 F.Supp.2d 667, 674-75 (E.D. Ky. 2002) ("[T]he Franklin County Correctional Complex/Franklin County Regional Jail is not a legal entity capable of being sued.   Rather, as it is a facility owned and provided for by the Fiscal Court and operated by the jailer per [the state constitution and state statutes]."); *Grabow v. Southern State Correctional Facility*, 726 F.Supp. 537, 538-39 (D.N.J. 1989) ("jail is not a 'persons' for Sec. 1983 liability"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("local jail is not an entity amendable to suit for civil rights."); and *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890, 894 (E.D. Va. 1992) ("In addition to the fact that the jail is not a person under §1983, the jail itself is not an individual, a corporation, a partnership, or an unincorporated association.   Therefore, it lacks the capacity to be sued as a jail.").   The PCPSC should be dismissed from this action.

## **CONCLUSION**

Because the Pottawatomie County Public Safety Center is not a legal entity subject to suit under state law or federal civil rights jurisprudence, Plaintiff can obtain no recovery against it under state or civil rights law.   Consequently, the Pottawatomie County Public Safety Center is entitled to dismissal of the Complaint in its entirety pursuant to 12 O.S. § 2012(B)(6) and (9) for failure to state a claim upon which relief can be granted and for lack of capacity of a party to be sued.[4]

Respectfully submitted,

s/ Wellon B. Poe
Wellon B. Poe, OBA No. 12440
COLLINS ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK    73105
Telephone:    (405) 524-2070
Facsimile:    (405) 524-2078
Email:        wbp@czwlaw.com

*ATTORNEY FOR DEFENDANT*
*POTTAWATOMIE COUNTY PUBLIC*
*SAFETY CENTER*

---

[4] As the Pottawatomie County Public Safety Center is not subject to suit for any of the claims set forth in the Complaint or any claims that could be raised in an amended complaint, allowing Plaintiff to amend to add or alter the claims against this Defendant would be futile. As such, the dismissal of the PCPSC should be with prejudice.

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ronald "Skip" Kelly
205 N.W. 63rd Street, Suite 150
Oklahoma City, OK   73116

Kevin R. Kemper
Attorney at Law
128 W. Hefner
Oklahoma City, OK   73114

**_Attorneys for Plaintiff_**

Robert S. Lafferrandre
Carson C. Smith
PIERCE COUCH HENDRICKSON
    BAYSINGER & GREEN, L.L.P.
1109 N. Francis Avenue
Oklahoma City, OK   73106

**_Attorneys for Defendants Jake Duggan_**
**_and Korbin Williams_**

s/ Wellon B. Poe
Wellon B. Poe