Return To:
Floyd Law Firm
P.O. Box 396
Norman, OK 73070

TRUST INDENTURE

**FILED**

CREATING THE

MAR 2 7 2002

POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER TRUST OKLAHOMA SECRETARY
OF STATE

KNOW ALL MEN BY THESE PRESENTS:

This Trust Indenture dated as of the 4th day of FEB,
2002, by Sidney R. Clarke, hereinafter referred to as the Trustor,
and Larry E. Briggs, John W. Goodson, Randy Gilbert, Carolyn
Bassett and Clayton Eads and their respective successors as
provided herein, to be known as the Trustees of the Pottawatomie
County Public Safety Center Trust, who shall be and are
hereinafter referred to as Trustees of said Trust, hereinafter
referred to as "Trust".

WITNESSETH:

NOW THEREFORE in consideration of the payment by the Trustor
to the Trustees of the sum of One Dollar ($1.00), receipt of which
is hereby acknowledged, the mutual covenants herein set forth, and
other valuable considerations, the said Trustees agree to hold,
manage, invest, assign, convey and distribute as herein provided,
authorized and directed, such property as Trustor, or others may
from time to time assign, transfer, lease, convey, give, bequeath,
devise or deliver unto this Trust or the Trustees hereof.

TO HAVE AND HOLD such property and the proceeds, rents,
profits and increases thereon unto said Trustees and said
Trustees' successors and assigns, but nevertheless in trust, for
the use and benefit of Pottawatomie County, State of Oklahoma,
such County being hereby designated and hereinafter referred to as
"Beneficiary", and upon the following trust, terms and conditions
here stated.

### Article I

### Creation of Trust

The undersigned Trustor creates and establishes a Trust for
the use and benefit of the Beneficiary for the public purposes
hereinafter set forth, under the provisions of Title 60, Oklahoma
Statutes 1991, Sections 176 to 180.4, inclusive, as amended and
supplemented, the Oklahoma Trust Act and other applicable statutes
and laws of the State of Oklahoma.

1



**EXHIBIT 1**

## Article II

### Name and Effective Date of Trust

The Trustees of this Trust shall conduct all business and execute or authorize the execution of all instruments in the name of this Trust, which shall be the "Pottawatomie County Public Safety Center Trust" and otherwise perform the duties and functions required in the execution of this Trust, and hereby authorize the Chair or Vice Chair, Secretary or Assistant Secretary of the Trust to execute instruments on behalf of the Trust as directed by duly enacted resolutions of the Trust. This Trust Indenture shall be in full force and effect from and after the date of acceptance of beneficial interest herein by the Beneficiary.

## Article III

### Definitions

(a) "Act" shall mean the Oklahoma Public Trust Act, being Title 60, Oklahoma Statutes 1991, Sections 176 to 180.4, as amended and supplemented.

(b) "Bonds" or "Notes" shall mean respectively the bonds and notes of the Trust authorized to be issued under this Indenture.

(c) "Beneficiary" shall mean Pottawatomie County, State of Oklahoma, acting by and through its Board of County Commissioners.

(d) "Governmental Agency" shall mean the United States of America and the State or any department, division, public corporation, public agency, political subdivision or other public instrumentality of either.

(e) "Lending Institution" shall mean any bank or trust company, Federal National Mortgage Association, mortgage banker, mortgage company, national banking association, savings bank, savings and loan association and any other financial institution or Governmental Agency or person.

(f) "Indenture" shall mean this Trust Indenture establishing the Trust, as amended and supplemented from time to time.

(g) "Mortgage" shall mean a mortgage, mortgage deed, deed of trust, security agreement or other instrument creating a lien on a fee interest in real and/or personal property located within the Beneficiary or a leasehold on such fee interest.

2

. (h) "Mortgage Loan" shall mean an interest bearing obligation secured by a Mortgage.

(i) "State" shall mean the State of Oklahoma.

(j) "Trust" shall mean the Pottawatomie County Public Safety Center Trust created pursuant to this Indenture, and the Trustees thereof, acting on behalf of and in the name of said Trust.

(k) "Trustees" shall mean the Trustees of the Trust.

(l) "By-Laws" shall mean any By-Laws duly adopted by the Trust as the same may be amended from time to time.

## Article IV

### Purposes of Trust

The purposes of this Trust are:

(1) To assist the Beneficiary, the State of Oklahoma, its Governmental Agencies, and private entities, agencies and citizens in making the most efficient use of all of their economic resources and powers in accord with the needs and benefit of the Beneficiary in order to lessen the burdens on government and to stimulate economic growth and development; to promote the economic well being of the Beneficiary by improving available resources, increasing meaningful job opportunities, promoting entrepreneurism and capital investment, while maintaining the Beneficiary's rural quality of life; to inventory the services, facilities and resources of the entire Beneficiary; to promote, stimulate, encourage and finance the growth and development of commerce, recreation, education, and industry of the Beneficiary as a whole, all in order to achieve maximum utilization of the Beneficiary's human, economic, recreational, natural resources and tourist attractions; to foster and promote an industrial climate and the payroll of the Beneficiary and to otherwise promote its general economic welfare and prosperity and to finance any and all programs, facilities or resources promoting or intending to promote any of the foregoing and, without restriction, in furtherance of the foregoing general objectives, the following specific powers or purposes, to-wit:

(a) To promote and develop any and all public works projects or facilities of any type or description including but not limited to those for water,

3

sewer, sold waste, recycling, recovery, materials reduction, communication, power, natural gas or other public utilities of any type or description.

(b) To promote, develop, own, lease and finance projects or facilities relating to correctional facilities, jails, or other facilities relating to the administration of justice and any programs related to the foregoing which will lessen the burdens of government.

(c) To promote, finance and develop commercial and industrial projects or facilities and to exercise all of the powers, privileges and prerogatives of industrial trusts within this State.

(d) To promote, finance and develop any other projects or facilities which will provide public facilities and/or aid the Beneficiary town or any other level of government.

(e) To plan, establish, develop, construct, finance, enlarge, remodel, acquire, improve, make alternations, extend, maintain, equip, operate, lease, furnish and regulate any facilities related to any of the foregoing, and, if desired, to lease such facilities and to operate the same in connection therewith, and to do, perform, own, acquire, construct or engage in or finance any other enterprise or activity, project or facility to such extent and in such manner as now is or may be considered a proper and lawful function of public trust entities within the State of Oklahoma.

(2) To hold, maintain and administer any leasehold rights in and to physical properties demised to the Beneficiary and to comply with the terms and conditions of any such lease.

(3) To acquire by lease, purchase, production, reduction to possession or otherwise, and to plan, establish, develop, construct, enlarge, improve, extend, maintain, equip, operate, furnish, provide, supply, regulate, hold, store and administer any and all physical properties (real, personal or mixed), rights, privileges, immunities, benefits and any other thing of value, designated or needful for utilization in furnishing, providing or supplying the aforementioned services, utilities, buildings and facilities; to finance and refinance and to enter into contracts of

4

purchase, lease-purchase or other interest in or operation and maintenance of said properties, and revenues thereof, and to comply with the terms and conditions of any such contracts, leases or other contracts made in connection with the acquisition, equipping, maintenance and disposal of any of said property; and to relinquish, dispose of, rent or otherwise make provisions for properties owned or controlled by the Trust but no longer needful for Trust purposes.

(4)   To acquire, construct, reconstruct, extend, lease, purchase, install, equip, maintain, repair, enlarge, remodel and operate any property, improvements, buildings and other facilities of every nature for use by the State of Oklahoma, the United States of America, or Pottawatomie County, or for the use of corporations, non-profit corporations, individuals, partnerships, associations or proprietary companies for industrial, recreational and economic development.

(5)   To perform on behalf of the Beneficiary the functions and powers as authorized by industrial and economic development statutes.

(6)   To provide funds for the cost of financing, refinancing, acquiring, constructing, purchasing, equipping, maintaining, leasing, repairing, improving, extending, enlarging, remodeling, holding, storing, operating and administering any or all aforesaid property, improvements, buildings and all properties (real, personal or mixed) needful for executing and fulfilling the Trust purposes, as set forth in this instrument, and all other charges, costs and expenses necessarily incurred in connections therewith and in so doing, to incur indebtedness, either unsecured or secured by all or any part of the Trust Estate and its revenues.

(7)   To expend all funds coming into the hands of the Trustees as revenue or otherwise for the payment of any indebtedness incurred by the Trustees for the purposes specified herein, and in the payment of the aforesaid costs and expenses, and in payment of any other obligation properly chargeable against the Trust Estate, and to distribute the residue and remainder of such funds to the Beneficiary.

(8)   To formulate, develop and administer or utilize new, short-range or long-range programs, plans or activities relating to the improvement of law enforcement,

5

corrections and related social services, in order to provide assistance, services, facilities and resources for the benefit of the people of the Beneficiary.

(9)  To prepare and implement regulatory and administrative measures in support of the activities of the Trust such as by-laws, rules and regulations pertaining to the various Trust programs and to establish committees composed of members who may or may not be Trustees to make studies, administer programs, render reports and for any other purpose that the Trustees may from time to time determine.

## Article V

### Duration of Trust

This Trust shall have duration for the term of duration of the Beneficiary and until such time as its purposes shall have been fully fulfilled, or until it shall be terminated as hereinafter provided.

## Article VI

### The Trust Estate

The Trust Estate shall consist of:

(1)  The funds and property presently in the hands of the Trustees or to be acquired or constructed by Trustees and dedicated by the Trustor, the Beneficiary and others to be used for trust purposes.

(2)  Any and all fee simple, leasehold rights and any other interests in real property demised to the Trustees by the Beneficiary, and others as authorized and empowered by law.

(3)  Any and all money, property (real, personal or mixed), rights, chooses in action, contracts, leases, privileges, immunities, licenses, franchises, benefits, Mortgages, Mortgage Loans, collateral and all other things of value coming into the hands of the Trustee under the Trust Indenture.

(4)  Cash in the sum of $1.00 paid to the Trustee, receipt of which is hereby acknowledged by the Trustee.

6

### Article VII

### The Trustees

(1) The Trustees of this Trust shall be citizens and residents of the Beneficiary, all of whom will be appointed by the Board of County Commissioners of the Beneficiary, hereafter called the "Governing Board". Trustee Clayton Eads shall serve a one-year term from the date of appointment by the Governing Board; Trustees Randy Gilbert and Carolyn Bassett shall serve two-year terms from the date of appointment and Trustees John W. Goodson and Larry E. Briggs shall serve three-year terms from the date of appointment. The Trustees shall select the person who shall serve as Chair of the Trustees. The Trustees and the Beneficiary may, from time to time, amend the Indenture pursuant to Article XI herein, for the purpose of appointing additional trustees to serve for stated terms of no more than three years each.

(2) The person who shall be the Chair of the Trustees shall preside at all meetings and perform other duties designated by the Trustees and shall serve until a successor be duly elected and qualified. The Trustees shall designate the time and place of all regular meetings. All actions by the Trustees pursuant to the provisions of this Trust Indenture shall be approved by the affirmative vote of at least a majority of the Trustees qualified to act as such under the provisions of this Trust Indenture; provided, if a greater affirmative percentage vote is required by law, such legally required greater affirmative percentage vote shall be required for vote on that particular matter in order that the laws of the State of Oklahoma may be fully complied with in all respects. The Trustees shall select one of their members who shall serve as the Vice Chair, and who shall act in the place of the Chair during the latter's absence or incapacity to act and such person shall serve until the Chair's successor be duly elected and qualified.

(3) The Trustees shall elect the person who shall serve as Secretary-Treasurer of the Trustees, and the Trustees may select one or more Assistant Secretaries of the Trustees, all of whom may or may not be Trustees of the Trust. The Secretary (and in his absence, an Assistant Secretary) shall keep minutes of all meetings of the Trustees and shall maintain complete and accurate records of all their financial transactions, all such minutes, books and records to be on file in the office

7

of the Trust. All meetings of the Trustees shall be open to the public, and conducted in conformity with the provisions of Oklahoma law related to open meetings, and the books, records and minutes of the Trustees shall be considered as public records and available for inspection at all times by any interested party in conformity with applicable provisions of the Oklahoma Open Records Act.

The Trustees may select one or more Assistant Treasurers of the Trustees, all of whom may or may not be Trustees of the Trust.

(4)  The Trustees may appoint a Chief Executive Officer ("CEO") and/or Executive Director for the Trust Estate, as well as a Management Board which when created, shall undertake responsibilities assigned to them from time to time by the Trustees; and the Trustees may employ such other clerical, professional, legal and technical assistance as may be deemed necessary in the discretion of the Trustees to properly operate the business of the Trust Estate, and may fix their duties, terms of employment and compensation from the Trust Estate. All Trustees shall serve without compensation but shall be reimbursed for actual expenses incurred in the performance of their duties hereunder. The said CEO/General Manager shall administer the business of the Trust Estate as directed from time to time by the Trustees. The CEO/General Manager may not be a Trustee.

(5)  The Trustees are authorized to contract, in connection with the incurring of any funded indebtedness secured by the Trust Estate and/or its revenues, or any part of either or both, that in the event of a default in the fulfillment of any contract obligation undertaken on behalf of the Trust Estate or in the payment of any indebtedness incurred on behalf of the Trust Estate, that a Temporary Trustee or Trustees or Receiver shall be appointed to succeed to the rights, powers and duties of the Trustees then in office. Any such contract, if made, shall set out the terms and conditions under which such Temporary Trustee or Trustees or Receiver shall be appointed, and operate the Trust Estate and provide for compensation to be paid, and appointment to be vacated and permanent Trustees to be automatically reinstated upon termination of all defaults by which their appointment was authorized.

8

Case 5:00-cv-01250-C   Document 35-1   Filed 02/23/... Page 200 236113

(6)   Bonds or other evidence of indebtedness to be issued by the Trustees shall not constitute an indebtedness of the State or the Beneficiary or personal obligations of the Trustees of the Trust, but shall constitute obligations of the Trustees payable solely from the Trust Estate.

(7)   The Trustees, the State, and the Beneficiary hereof shall not be charged personally with any liability whatsoever by reason of any act or omission committed or suffered in good faith or in the exercise of their honest discretion in the performance of such Trust or in the operations of the Trust Estate; but any act or liability for any omission or obligation of the Trustees in the execution of such Trust, or in the operation of the Trust Estate, shall extend to the whole of the Trust Estate or so much thereof as may be necessary to discharge such liability or obligation.

(8)   Notwithstanding any other provision of this Indenture which shall appear to provide otherwise, no Trustee or Trustees shall have the power or authority to bind or obligate any other Trustee, or the Beneficiary, in his or its capacity, nor can the Beneficiary bind or obligate the Trust or any individual Trustee.

(9)   The Trust shall cause to be prepared annually at the close of each fiscal year of the Trust, an audit of the funds, financial affairs and transactions of the Trust, including but not limited to all fees, salaries and expenditures in exact amounts and listing to whom paid. Such audit is to be certified with an unqualified opinion of an independent, certified public accountant. A copy of such annual audit shall be filed within the time period and in conformity with the provisions of Oklahoma law related thereto. Unless hereafter changed by resolution of the Trustees, the fiscal year of the Trust shall be identical with the fiscal year of the Beneficiary. The cost of the foregoing audits shall be paid from the Trust Estate.

(10)   Every person becoming a Trustee first shall take the oath of office required of an elected public officer. The oath of office shall be administered by any person authorized to administer oaths in the State, and shall be filed with the proper authorities and in the manner prescribed by the Act (and/or as otherwise prescribed by the laws of the State of Oklahoma). Every non-Trustee officer and/or employee who handles funds of the Trust shall furnish a good and sufficient fidelity bond in an amount and with surety as may be specified

9

by law and as specified and approved by the Trustees; the Trustees may, but shall not be obligated to, obtain bonds relating to the performance of their duties as Trustees. Such bonds shall be in a surety company authorized to transact surety business in the State of Oklahoma and the cost thereof shall be paid from funds of the Trust.

## Article VIII

### Powers and Duties of the Trustees

To accomplish the purposes of the Trust, the Trustees shall have, in addition to the usual powers incident to their office and the powers granted to them otherwise by law or in other parts of this Trust Indenture, the following rights, powers, duties, authority, discretion and privileges, all to be exercised on behalf of, and in the name of the Trust:

(1) To sue and be sued;

(2) To have a seal and alter same at pleasure;

(3) To make and execute contracts and all other instruments necessary or convenient for the exercise of its powers and functions hereunder;

(4) To make and alter by-laws for its organization and internal management as provided herein;

(5) To make and alter Rules and Regulations pertaining to any loan or other program developed by the Trust;

(6) To acquire, lease, convey or otherwise hold and dispose of real and personal property for its Trust purposes; provided that, no purchaser at any sale or lessee under a lease made by the Trustees shall be bound to inquire into the expediency, propriety, validity or necessity of such sale or lease or to see or be liable for the application of the purchase or rental monies arising therefrom;

(7) To enter into contracts for sale of Bonds, Notes or other evidences of indebtedness, interim Notes or Bonds or other obligations of the Trust and to issue the same for any of the purposes of the Trust authorized hereby including but not limited to: the acquisition, construction, reconstruction, equipping or otherwise financing facilities discussed in Article IV hereof or for any other lawfully permitted facilities which may be secured with Mortgages, security interests or other collateral satisfactory to the Trustees; acquiring real

10

or personal property or facilities at foreclosure of any loan or obligation authorized to be acquired pursuant to the terms of this Trust Indenture or other purposes authorized under any instrument securing any indebtedness of the Trust; refunding or advance refunding any outstanding indebtedness of the Trust; creating any reserves or replacement funds, loan funds or other funds or accounts deemed advisable by the Trustees in furtherance of the Trust purpose or in connection with the securing of any of the Trust's debts or the administration of Trust programs; and for any other purpose authorized by law and/or by Article IV hereof; and for those purposes the Trustees may:

(a) Sell all Bonds, Notes or other evidences of indebtedness or obligations of the Trust at public or private sale in whole or in installments or series and on such terms and conditions and in such manner as is prescribed by law and as the Trustees shall deem to be in the best interest of the Trust Estate; and

(b) Appoint and compensate attorneys, paying agencies and corporate Trustees in connection with issuance of any such Bonds, Notes, evidences of indebtedness or other obligations of the Trust; and

(c) Pay all expenses incident to the creation of any indebtedness or the issuance of any Bonds or Notes including, but not limited to, printing expenses, feasibility studies, special consultants, travel expenses, reproduction expenses; and

(d) Create any reserve fund and other funds and accounts as the Trust shall deem necessary or desirable in connection with the issuance of any Bonds, Notes or the incurrence of any such indebtedness.

Any such indebtedness, Bonds or Notes shall be deemed to be incurred or issued on behalf of the Beneficiary and may be general or special obligations of the Trust as the Trustees may from time to time determine;

(8) To purchase or redeem their Bonds, Notes or other evidences of indebtedness in whole or in part prior to the stated maturity thereof as may be stated in any instrument authorizing the issuance or securing the payment of any such indebtedness;

11

(9) To pledge any or all of the Trust's revenues or assets to secure the payment of any of its indebtedness;

(10) To enter into any agreements with or participate in any programs of the Beneficiary, the State of Oklahoma, or other States or subdivisions thereof, or any agency or instrumentality thereof, the United States of America, or any agency or instrumentality thereof;

(11) To enter into and execute, purchase, lease or otherwise acquire property, real, personal or mixed, contracts, leases, rights, privileges, benefits, chooses in action or other things of value and to pay for the same in cash with bonds or other evidences of indebtedness or otherwise;

(12) To fix, demand and collect charges, rentals and fees for the services and facilities of the Trust and to discontinue furnishing of services and facilities to, and foreclose on any collateral of, any person, firm, corporation, or public instrumentality, delinquent in the payment of any indebtedness to the Trust; to purchase and sell such supplies, goods and commodities as are incident to the operation of its properties;

(13) To make and perform contracts of every kind, including management contracts, with any person, firm, corporation, association, joint venture, trusteeship, municipality, government, sovereignty or other entity; and without limitation as to amount, to draw, make, accept, endorse, assume, guarantee, account, execute and issue promissory notes, drafts, bills of exchange, acceptances, warranties, bonds, debentures and other negotiable or non-negotiable instruments, obligations and evidences of unsecured indebtedness, or of indebtedness secured by mortgage, deed of trust or otherwise upon any or all income of the Trust, in the same manner and to the same extent as a natural person might or could do; to collect and receive any property, collateral, money, rents, or income of any sort and distribute the same or any portion thereof for the furtherance of the authorized Trust purposes set out herein;

(14) To exercise (to the extent permitted by law) or to request of, arrange or contract with the Beneficiary or any governmental unit, agency or political subdivision thereof for the exercise of eminent domain as necessary in establishing, operating, administering, and maintaining any Trust facilities, systems, projects or programs;

12

(15) To expend all funds coming into the hands of the
Trustees as revenue or otherwise for the payment of any
indebtedness incurred by the Trustees for purposes
specified herein, and in the payment of the aforesaid
costs and expenses, and in payment of any other
obligation properly chargeable against the Trust
Estate, to from time to time transfer any surplus funds
to the Beneficiary as the Trust in its sole discretion
may determine, and to upon termination of the Trust,
distribute the residue and remainder of such funds to
the Beneficiary;

(16) To contract for services with firms or persons or other
units and entities of government or private entities or
agencies to carry out the purposes of the Trust; to
apply for, contract for, receive and expend for its
purposes, funds or grants from any governmental of non-
governmental agency or entity, the Beneficiary, other
States, the Federal Government or any agency or
department thereof, or from any other source;

(17) To receive funds, money, property, collateral,
services, rights, and chooses in action from any source
to finance the programs and operations of the Trust; to
receive grants, gifts, contributions and donations to
carry out the purposes for which the Trust is formed;
to receive and accept from any Federal, State or
private agencies or entities grants or loans for or in
aid of the construction of any facility or system and
to receive and accept aid or contributions of money,
labor or any other valuable things from any source;

(18) To plan, coordinate, implement, administer or otherwise
carry out public works or other projects or programs
for public purposes for the benefit of the Beneficiary;

(19) To invest monies of the Trust not required for
immediate use, including proceeds from the sale of any
Bonds or Notes, in obligations of any Governmental
Agency or obligations the principal and interest of
which are guaranteed by such Governmental Agency or in
certificates of deposit or time deposits secured in
such manner as the Trust shall determine, or in
obligations of any agency of the State or the United
States of America which may from time to time be
legally purchased by banks within the State as an
investment of funds belonging to them or in their
control;

13

(20) To sell any personal property acquired by the Trust at public or private sale and at such price or prices as it shall determine;

(21) To renegotiate, refinance or foreclose, or contract for the foreclosure of, any Mortgage, security interest or other obligation in default; to waive any default or consent to the modification of the terms of any Mortgage; to commence any action to protect or enforce any right conferred upon it by any law, Mortgage, security interest, contract or other agreement, and to bid for and purchase such property at any foreclosure or at any other sale, or acquire or take possession of any such property; to operate, manage, rehabilitate, improve, lease, dispose of, and otherwise deal with such property, in such manner as may be necessary to protect the interests of the Trust and the holders of its Bonds, Notes or other obligations;

(22) To renegotiate or refinance any loan in default; waive any default or consent to the modification of the terms of any loan, and commence any action or proceedings to protect or enforce any right conferred upon it by law, loan agreement, contract or other agreement;

(23) To make and execute contracts and appoint agents for the administration or servicing of any loan made or acquired by the Trust and pay the reasonable value of services rendered to the Trust pursuant to such contracts;

(24) To sell any loans made or acquired by the Trust at public or private sale and at such price or prices and on such terms as the Trust shall determine;

(25) To collect and pay reasonable fees and charges in connection with making, committing to make, purchasing or committing to purchase and servicing its Loans, Notes, Bonds, commitments, and other evidences of indebtedness;

(26) To procure insurance against any type of loss in such amounts, and from such insurers, as it may deem necessary or desirable;

(27) To consent, whenever it deems it necessary or desirable in the fulfillment of its Trust purposes, to the modification of the rate of interest, time of payment of any installment of principal or interest, or any other terms of any loan, construction loan, temporary

14

loan, contract or agreement of any kind to which the Trust is a party;

(28) To do any and all things necessary or convenient to carry out its purposes and exercise the powers given and granted herein, and to do all other acts in their judgment necessary or desirable, for the proper and advantageous management, investment and distribution of the Trust Estate and income therefrom;

(29) To exercise exclusive management and control of the properties of the Trust Estate;

(30) To contract for the furnishing of any services or the performance of any duties that they may deem necessary or proper, and pay for the same as they see fit;

(31) To select depositories for the funds and securities of this Trust; all Lending Institutions are eligible to participate in the programs of the Trust and act as such depositories with approval of the Trust;

(32) To compromise any debts or claims of or against the Trust Estate, and adjust any dispute in relation to such debts or claims against the Trust Estate upon any evidence deemed by the Trustees to be sufficient. The Trustees may bring any suit or action which in their judgment is necessary or proper to protect the interest of the Trust Estate, or to enforce any claim, demand or contract for the Trust; and they shall defend, in their discretion, any suit against the Trust, or the Trustees or employees, agents or servants thereof; they may compromise and settle any suit or action, and discharge the same out of assets of the Trust Estate, together with court costs and attorney's fees; all such expenditures shall be treated as expenses of executing this Trust; and

(33) To do each and all things necessary to implement the purposes of this Trust as set out herein, and to that end Article IV "Purposes of Trust" is incorporated in its entirety under this "Powers" Article for the purpose of insuring that all appropriate power is granted to the Trustees to accomplish the purposes hereof without inhibition.

## Article IX

### Supervisory Control

The Trust created hereby and the Trustees appointed hereunder are subject to such supervision and control as may be determined from time to time by the Legislature of the State or by regulations that may be issued by departments or agencies of the United States of America, to insure the legality of all debt issued by the Trust and to insure the tax exempt status of any tax exempt Bonds, Leases, Notes or other evidences of indebtedness issued by the Trust.

### Article X

### Beneficiary of Trust

(1) The Beneficiary of this Trust shall be Pottawatomie County, State of Oklahoma, under and pursuant to Title 60, Oklahoma Statutes 1991, Sections 176 to 180.4, inclusive, as amended and supplemented, and other applicable statutes of the State presently in force and effect.

(2) The Beneficiary shall have no legal title, claim or right to the Trust Estate, its income, or to any part thereof or to demand or require any partition of distribution thereof. Neither shall the Beneficiary have any authority, power or right whatsoever, to do or transact any business for, or on behalf of or binding upon the Trustees or upon the Trust Estate, nor the right to control or direct the actions of the Trustees pertaining to the Trust Estate or any part thereof except as herein provided. The Beneficiary shall be entitled solely to the benefits of this Trust as administered by the Trustees hereunder, and at the termination of the Trust, as provided herein, and then only, the Beneficiary shall receive the residue of the Trust Estate.

### Article XI

### Adoption and Amendment of By-Laws; Amendment and Termination of Trust

This Trust Indenture may be amended by an affirmative vote of at least two-thirds (2/3) of all Trustees and any such proposed amendment shall be further approved by the affirming vote of two-thirds (2/3) of the Board of Trustees of the Beneficiary before becoming effective.

The Trustees, by an affirmative vote of a majority of all Trustees, may adopt, alter and amend By-Laws of the Trust.

PROVIDED, HOWEVER, that this Trust Indenture shall not be subject to revocation, alteration, amendment, revision, modification or termination in any manner which would be adverse to the interest of the holders of any evidence of indebtedness of the Trust without the consent of holders of indebtedness who would be adversely affected, which consent may be given by less than all such holders, if so provided in any resolution, indenture or agreement relating to such indebtedness.

This Trust shall terminate--

(1)  When the purposes set out in Article IV of this instrument shall have been fully executed; or

(2)  In the manner provided by Oklahoma law. Provided, however, that this Trust shall not be terminated by voluntary action while there be outstanding indebtedness or fixed term obligations of the Trustees, unless all owners of such indebtedness or obligations shall have consented in writing to such termination.

Upon the termination of this Trust, the Trustees shall proceed to wind up the affairs of this Trust, and after payments of all debts, expenses and obligations out of the monies and properties of the Trust Estate to the extent thereof, shall distribute the residue of the money and properties of the Trust Estate to the Beneficiary hereunder. Upon final distribution, the powers, duties and authority of the Trustees hereunder shall cease.

## Article XII

The Trustees accept the Trust herein created and provided for, and agree to carry out the provisions of this Trust Indenture on their part to be performed.

17

IN WITNESS WHEREOF, the Trustor and the Trustees have hereunto set their hands on the day and year indicated.

_____
Sidney R. Clarke, Trustor

_____
Larry E. Briggs, Trustee

_____
John W. Goodson, Trustee

_____
Randy Gilbert, Trustee

_____
Carolyn Bassett, Trustee

_____
Clayton Eads, Trustee

18

## ACKNOWLEDGEMENT

STATE OF OKLAHOMA )
) SS
COUNTY OF POTTAWATOMIE )

On this __12th__ of __March__ , 2002, before me, the undersigned, personally appeared Sidney R. Clarke as the Trustor, and Larry E. Briggs, John W. Goodson, Randy Gilbert, Carolyn Bassett and Clayton Eads, to me known to be the identical persons who signed their names as Trustees to the within and foregoing instrument, and acknowledged to me that they executed the same as their free and voluntary act and deed for the uses and purposes therein mentioned and set forth.

GIVEN UNDER MY HAND AND SEAL the day and year last above written.

(SEAL)

My term expires: __7-1-2008__

19

## ACCEPTANCE

STATE OF OKLAHOMA     )
                            )SS

COUNTY OF POTTAWATOMIE  )

KNOW ALL MEN BY THESE PRESENTS:

That the Board of County Commissioners of Pottawatomie County, Oklahoma, a political subdivision of the State of Oklahoma, hereby accepts the beneficial interest in the Trust created by the within and foregoing Trust Indenture, dated as of _February_ _4_, 2002, for and on behalf of said beneficiary in all respects in accordance with the terms of said Trust Indenture.

WITNESS my hand as Chair of the Board of County Commissioners, Pottawatomie County, Oklahoma, attested by the County Clerk of the Pottawatomie County, Oklahoma, pursuant to direction of said Board of County Commissioners, this _4_ day of _February_, 2002.

                                    **POTTAWATOMIE COUNTY, OKLAHOMA**

                                          , Chair
                         Board of County Commissioners

ATTEST:

_Nancy Bree_
_Hawatomie_ County Clerk

(SEAL)

20

STATE OF OKLAHOMA )
) SS
COUNTY OF POTTAWATOMIE )

## OATH OF OFFICE

We, the undersigned, do solemnly swear (or affirm) that we will support, obey and defend the Constitution of the United States and the Constitution of the State of Oklahoma and that we will not, knowingly, receive, directly or indirectly, any money or other valuable thing, for the performance or non-performance of any act or duty pertaining to our office, other than the compensation allowed by law. We further swear (or affirm) that we will faithfully discharge our duties as Trustees of the Pottawatomie County Public Safety Center to the best of our ability.

DATED this 12th day of March , 2002.

_____
Larry E. Briggs, TRUSTEE

_____
John W. Goodson, TRUSTEE

_____
Randy Gilbert, TRUSTEE

_____
Carolyn Bassett, TRUSTEE

_____
Clayton Eads, TRUSTEE

21

STATE OF OKLAHOMA )
) SS
COUNTY OF POTTAWATOMIE )

## AFFIDAVIT OF ADMINISTERING OFFICER

    I, the undersigned Officer, designated under Title 51, Oklahoma Statutes Annotated, Section 21, as authorized to administer oaths to public officers in the State of Oklahoma, hereby aver and affirm that I administered the foregoing Oath of Office orally to the aforesaid Trustees and that said Trustees, in my presence, and each of them, did orally repeat, take and subscribe to the foregoing Oath of Office.

    Dated this 12th day of March , 2002.

_Paul M. Vince_

    Subscribed and sworn to before me this 12th day of March , 2002.

_____
Notary Public

My Commission Expires: 7-1-2002

(SEAL)

22

<u>NOTICE OF FILING</u>



TO:   STATE AUDITOR AND INSPECTOR
      OF THE STATE OF OKLAHOMA

     Pursuant to the requirements of Title 60 Oklahoma Statutes, 1991, Section 180.2(d), there has been filed with the State Auditor and Inspector of the State of Oklahoma on the _27th_ day of March, 2002, a copy of the Trust Indenture relating to the Pottawatomie County Public Safety Center Trust.

POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER TRUST.

By: _____
    J. Brent Clark, Bond Counsel

ADDRESS OF TRUST:

Pottawatomie County Public Safety Center Trust
c/o Terry West, Authority Counsel
124 West Highland
Shawnee, Oklahoma 74801