IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. EVA KOPADDY, as Personal Representative of the Estate of Ronald Given, Deceased,<br><br>      Plaintiff,<br><br>v.<br><br>1. POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER, an Oklahoma Title 19 Authority; *et al.*,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CIV-20-1280-G<br><br>**JURY TRIAL DEMANDED** |

## ANSWER OF BRAD BANEY

Defendant Brad Baney, individually and in his official capacity as Lieutenant of the Pottawatomie County Public Safety Center, by and through counsel of record and for his answer to Plaintiff's Complaint filed herein, does allege and state as follows:

### Jurisdiction and Venue

1. Defendant admits this action is being brought pursuant to 42 U.S.C. § 1983 and seeks relief under the provisions of the United States Constitution and Oklahoma state law. Defendant denies any violation of any of Plaintiff's rights as guaranteed by the State of Oklahoma or the United States Constitution as alleged in ¶ 1 of Plaintiff's Complaint.

2. Defendant admits that jurisdiction for such question be appropriate pursuant to 28 U.S.C. § 1331. Defendant denies that this Court has jurisdiction as there has been no violation of any of Plaintiff's federal civil rights. Defendant admits that venue is proper as alleged in ¶ 2 of Plaintiff's Complaint.

3. Defendant admits that Plaintiff is seeking in excess of $75,000 in damages as alleged in ¶ 3 of Plaintiff's Complaint. Defendant denies that Plaintiff is entitled to any damages, costs, interest or any other relief as may be sought or alleged in this litigation.

4. Defendant admits that Plaintiff brings causes under Oklahoma law as alleged in ¶ 4 of Plaintiff's Complaint. Defendant admits that to the extent this action is proper before the Court on the federal question, the Court has supplemental jurisdiction as alleged in ¶ 4 of Plaintiff's Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 5 of Plaintiff's Complaint and therefore denies the same.

6. Defendant denies the allegations as alleged in ¶ 6 of Plaintiff's Complaint.

7. The allegations contained in ¶ 7 of Plaintiff's Complaint are moot as a result of Plaintiff's Notice of Dismissal dismissing the Board of County Commissioners of Pottawatomie County filed with the Court on February 17, 2021 and therefore, no response is necessary from this Defendant.

8. The allegations contained in ¶ 8 of Plaintiff's Complaint are moot as a result of Plaintiff's Notice of Dismissal dismissing Sheriff Michael Booth filed with the Court on February 11, 2021 and therefore, no response is necessary from this Defendant.

9. The allegations contained in ¶ 9 of Plaintiff's Complaint are moot as a result of Plaintiff's Notice of Dismissal dismissing Sheriff Michael Booth filed with the Court on February 11, 2021 and therefore, no response is necessary from this Defendant.

10.     Defendant admits that Defendant Breonna Thompson is the Executive Director of the Pottawatomie County Public Safety Center as alleged in ¶ 10 of Plaintiff's Complaint.  Defendant denies that the Pottawatomie County Public Safety Center is a proper party or is itself an entity under Oklahoma law.  Defendant admits that Defendant Thompson is being sued in both her individual capacity and official capacity and that she is being sued under both federal and state law claims.  Defendant denies that Defendant Thompson is a proper party for any individual federal claims or any state law claims.  Defendant is without knowledge or information sufficient to form a belief as to the truth whether Defendant Thompson was acting under color of law and within the scope of her employment as alleged in ¶ 10 of Plaintiff's Complaint.

11.     Defendant admits that he was and is a Lieutenant with the Pottawatomie County Public Safety Center as alleged in ¶ 11 of Plaintiff's Complaint.  Defendant denies that the Pottawatomie County Public Safety Center itself is a proper authority or is a legal entity under Oklahoma statutes as alleged in ¶ 11 of Plaintiff's Complaint. Defendant admits that he is being sued in both his individual capacity and official capacity as alleged in ¶ 11 of Plaintiff's Complaint.  Defendant admits that he is being sued for both federal and state law claims.  Defendant denies that he is a proper party for any official capacity federal claims, any individual capacity federal claims or any state law claims as alleged in ¶ 11 of Plaintiff's Complaint.  Defendant admits that to the extent he took any action related to the allegations in Plaintiff's Complaint, he was acting under color of law and within the course and scope of his employment.  Defendant denies the remaining allegations, as phrased, contained in ¶ 11 of Plaintiff's Complaint.

12. The allegations contained in ¶ 12 of Plaintiff's Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent any response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 12 of Plaintiff's Complaint and therefore denies the same.

13. The allegations contained in ¶ 13 of Plaintiff's Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent any response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 13 of Plaintiff's Complaint and therefore denies the same.

14. The allegations contained in ¶ 14 of Plaintiff's Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent any response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of Plaintiff's Complaint and therefore denies the same.

15. To the extent the allegations contained in ¶ 15 of Plaintiff's Complaint are directed at this Defendant, Defendant would admit that he was acting under color of law within the meaning of 42 U.S.C. § 1983. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of Plaintiff's Complaint as they relate to any other Defendant and therefore denies the same.

16. To the extent the allegations contained in ¶ 16 of Plaintiff's Complaint are directed at this Defendant, Defendant denies the allegations contained in ¶ 16 of

Plaintiff's Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of Plaintiff's Complaint as they relate to any other Defendant and therefore denies the same.

17. Defendant denies that Sheriff Booth as Sheriff of Pottawatomie County was, at any time, factually or legally responsible for providing detainees at the Pottawatomie County Public Safety Center with reasonable care or in any other way responsible for the supervision of the Pottawatomie County Public Safety Center. Defendant admits that Breonna Thompson was Executive Director of the Pottawatomie County Public Safety Center as alleged in ¶ 17 of Plaintiff's Complaint. Defendant denies the remaining allegations, as phrased, contained in ¶ 17 of Plaintiff's Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 18 of Plaintiff's Complaint and therefore denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of Plaintiff's Complaint and therefore denies the same.

20. To the extent Defendant took any actions or inactions related to Plaintiff's allegations, Defendant admits that Plaintiff's claims arose in Pottawatomie County, State of Oklahoma inside the United States District Court for the Western District of Oklahoma as alleged in ¶ 20 of Plaintiff's Complaint.

**Factual Background**

21. The allegations contained in ¶ 21 of Plaintiff's Complaint do not require a response from this Defendant. Should a response be deemed necessary, Defendant hereby incorporates his responses to ¶¶ 1-20 as set forth above.

22. The allegations contained in ¶ 22 of Plaintiff's Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 22 of Plaintiff's Complaint and therefore denies the same.

23. The allegations contained in ¶ 23 of Plaintiff's Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 23 of Plaintiff's Complaint and therefore denies the same.

24. The allegations contained in ¶ 24 of Plaintiff's Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 24 of Plaintiff's Complaint and therefore denies the same.

25. The allegations contained in ¶ 25 of Plaintiff's Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations contained in ¶ 25 of Plaintiff's Complaint and therefore denies the same.

26. The allegations contained in ¶ 26 of Plaintiff's Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 26 of Plaintiff's Complaint and therefore denies the same.

27. The allegations contained in ¶ 27 of Plaintiff's Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 27 of Plaintiff's Complaint and therefore denies the same.

28. Defendant denies the allegations contained in ¶ 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in ¶ 29 of Plaintiff's Complaint.

30. Defendant admits that at some point on January 9, 2019, while incarcerated at the Pottawatomie County Public Safety Center, Decedent removed all his clothing while in a cell. Defendant admits that Decedent was in a cell by himself at that time. Defendant denies the remaining allegations contained in ¶ 30 of Plaintiff's Complaint.

31. The allegations contained in ¶ 31 of Plaintiff's Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant denies, as phrased, the multiple allegations made in ¶ 31 of Plaintiff's Complaint.

32. The allegations contained in ¶ 32 of Plaintiff's Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 32 of Plaintiff's Complaint.

33. The allegations contained in ¶ 33 of Plaintiff's Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant denies, as phrased, the allegations contained in ¶ 33 of Plaintiff's Complaint.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 34 of Plaintiff's Complaint and therefore denies the same.

35. Defendant denies the allegations contained in ¶ 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in ¶ 36 of Plaintiff's Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 37 of Plaintiff's Complaint and therefore denies the same.

38. The allegations contained in ¶ 38 of Plaintiff's Complaint are not directed at this Defendant and do not require a response from this Defendant. Moreover, the statements are self-serving and a restatement of the Medical Examiner's report, which speaks for itself. To the extent a response is deemed necessary, Defendant denies the allegations, as phrased, the allegations contained in ¶ 38 of Plaintiff's Complaint.

## First Cause of Action – Negligence

39.     The allegations contained in ¶ 39 of Plaintiff's Complaint do not require a response from this Defendant.  Should a response be deemed necessary, Defendant hereby incorporates his responses to ¶¶ 1-38 as set forth above.

40.     Defendant admits that an inmate has a right to reasonable psychiatric care while incarcerated in a jail facility.  Defendant denies that any Defendant failed to provide such care as alleged in ¶ 40 of Plaintiff's Complaint.  The allegations contained in ¶ 40 of Plaintiff's Complaint amount to a legal statement and do not require a response from this Defendant.

41.     The allegations contained in ¶ 41 of Plaintiff's Complaint are nothing more than a legal opinion and does not require a response from this Defendant.  To the extent a response is deemed necessary, Defendant denies, as phrased, the insinuations and allegations contained in ¶ 41 of Plaintiff's Complaint.

42.     Defendant is without knowledge as to the allegations contained in ¶ 42 of Plaintiff's Complaint related to the Decedent being removed from psychiatric care and therefore denies the same.  Defendant denies the remaining allegations contained in ¶ 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations contained in ¶ 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations contained in ¶ 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations contained in ¶ 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in ¶ 46 of Plaintiff's Complaint as the allegations may be directed at him and specifically denies that Plaintiff is entitled to any damages as may be alleged in ¶ 46 or elsewhere in Plaintiff's Complaint.

## Second Cause of Action – Excessive Force

47. The allegations contained in ¶ 47 of Plaintiff's Complaint do not require a response from this Defendant. Should a response be deemed necessary, Defendant hereby incorporates his responses to ¶¶ 1-46 as set forth above.

48. The allegations contained in ¶ 48 of Plaintiff's Complaint a legal summary provided by Plaintiff. Defendant denies the allegations contained in ¶ 48 of Plaintiff's Complaint.

49. To the extent the allegations contained in ¶ 49 of Plaintiff's Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 49 of Plaintiff's Complaint.

50. To the extent the allegations contained in ¶ 50 of Plaintiff's Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 50 of Plaintiff's Complaint.

51. To the extent the allegations contained in ¶ 51 of Plaintiff's Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in ¶ 52 of Plaintiff's Complaint.

## **Violation of Civil Rights – 42 U.S.C. § 1983**

53. The allegations contained in ¶ 53 of Plaintiff's Complaint do not require a response from this Defendant.  Should a response be deemed necessary, Defendant hereby incorporates his responses to ¶¶ 1-52 as set forth above.

54. To the extent the allegations contained in ¶ 54 of Plaintiff's Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 54 of Plaintiff's Complaint.

55. Paragraph 55 contains a legal summation from Plaintiff and does not require a response from this Defendant.  To the extent a response is deemed necessary from this Defendant, Defendant denies, as phrased, the allegations contained in ¶ 55 of Plaintiff's Complaint.

56. Defendant denies that former Sheriff Booth had any obligation related to the Pottawatomie County Public Safety Center.  Defendant admits that Breonna Thompson was Executive Director of the Pottawatomie County Public Safety Center at times relevant to this allegation.  This Defendant is without knowledge or information as to whether the alleged obligation is to the citizens of Pottawatomie County as alleged in ¶ 56 of Plaintiff's Complaint and therefore denies the same.

57. Defendant admits that Breonna Thompson as the Executive Director of the Pottawatomie County Public Safety Center and responsible for the administration and control of the operations of the facility as alleged in ¶ 57 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in ¶ 57 of Plaintiff's Complaint.

58. The allegations contained in ¶ 58 are a policy statement set forth by Plaintiff. To the extent the allegations contained in ¶ 58 require a response from this Defendant, Defendant denies, as phrased, the allegations contained in ¶ 58 of Plaintiff's Complaint.

59. The allegations contained in ¶ 59 are a policy statement set forth by Plaintiff. To the extent the allegations contained in ¶ 59 require a response from this Defendant, Defendant denies, as phrased, the allegations contained in ¶ 59 of Plaintiff's Complaint.

60. To the extent the allegations contained in ¶ 60 of Plaintiff's Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 60 of Plaintiff's Complaint.

61. To the extent the allegations contained in ¶ 61 of Plaintiff's Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 61 of Plaintiff's Complaint.

62. To the extent the allegations contained in ¶ 62 of Plaintiff's Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 62 of Plaintiff's Complaint.

63. To the extent the allegations contained in ¶ 63 of Plaintiff's Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 63 of Plaintiff's Complaint.

64. To the extent the allegations contained in ¶ 64 of Plaintiff's Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 64 of Plaintiff's Complaint.

65. To the extent the allegations contained in ¶ 65 of Plaintiff's Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 65 of Plaintiff's Complaint.

66. Defendant denies the allegations contained in ¶ 66 of Plaintiff's Complaint.

67. The allegations contained in ¶ 67 of Plaintiff's Complaint amount to nothing more than a policy statement by Plaintiff. To the extent a response is deemed necessary, Defendant denies, as phrased, the general allegations contained in ¶ 67 of Plaintiff's Complaint.

68. Defendant denies the allegations contained in ¶ 68 of Plaintiff's Complaint.

69. Defendant denies the allegations contained in ¶ 69 of Plaintiff's Complaint.

70. Defendant denies the allegations contained in ¶ 70 of Plaintiff's Complaint.

71. Defendant denies the allegations contained in ¶ 71 of Plaintiff's Complaint.

72. Defendant denies the allegations contained in ¶ 72 of Plaintiff's Complaint.

73. Defendant denies the allegations contained in ¶ 73 of Plaintiff's Complaint.

74. Defendant denies the allegations contained in ¶ 74 of Plaintiff's Complaint.

75. Defendant denies the allegations contained in ¶ 75 of Plaintiff's Complaint, specifically denies that any of the actions alleged were reckless, intentional and/or life threatening and denies that Plaintiff is entitled to any award of punitive damages.

76. Defendant denies the allegations contained in Plaintiff's "WHEREFORE" clause of Plaintiff's Complaint and specifically denies that Plaintiff is entitled to any judgment against any Defendant, entitled to any actual or compensatory damages, any aware of punitive damages, any attorney's fees, costs or any other relief that may be sought by Plaintiff during the course of this litigation.

77. Any allegation, assertion or statement set forth in Plaintiff's Complaint and not admitted, denied or otherwise addressed in this Answer is hereby denied.

## **DEFENSES**

Defendant Brad Baney, individually and in his official capacity as Lieutenant of the Pottawatomie County Public Safety Center, and for his defenses to Plaintiff's claims, alleges and states:

1. Plaintiff's Complaint fails to state a claim for relief or remedy under 42 U.S.C. § 1983 Defendant Baney under any federal statutory or constitutional provision.

2. Plaintiff's Complaint fails to state a claim for relief against Defendant Baney under any state statutory or constitutional provision.

3. To the extent Plaintiff has sued Defendant in his individual capacity, Defendant Baney is entitled to the defense of qualified immunity.

4. To the extent Plaintiff has sued Defendant in his official capacity, Defendant Baney is not a proper party for any official capacity claims as he is not the final policymaker or final responsible party for the operation of the Pottawatomie County Public Safety Center.

5.     Plaintiff has failed to state a claim for any constitutional violation or for any remedy under 42 U.S.C. § 1983 against the Defendant.

6.     There is no evidence that the need for more or different training was so obvious, and/or any inadequacy so likely to result in the violation of constitutional rights that Defendant could reasonably be said to have been deliberately indifferent to the need for additional training.

7.     To the extent Plaintiff seeks relief under a state tort, state statutory or state constitutional provision for any state tort, statutory or constitutional relief, Defendant Baney, in his individual and official capacities, is not a proper party to such action under the provisions of the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151, *et seq*.

8.     To the extent Plaintiff seeks relief under a state tort, state statute or state constitutional provision, the claims are barred and Defendant is exempt from any liability under the provisions of the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151, *et seq*.

9.     Defendant cannot be held liable in his individual capacity under § 1983 for any state or federal constitutional violations resulting from the acts of any agent, servant or employee under the doctrine of respondeat superior or vicarious liability.

10.    To the extent Defendant Barney is a proper party in his official capacity, Defendant has not executed or implemented any policy or procedure which can be found in any ordinance, regulation, policy statement or decision officially adopted by the Defendant, or found in a pattern of persistent practices known to and approved by the Defendant that would be considered unconstitutional.

11. The alleged actions of staff at the Pottawatomie County Public Safety Center were reasonable and proper.

12. Plaintiff has failed to set forth any allegations that would create a material issue of fact as to the requisite culpable state of mind of deliberate indifference on behalf of Defendant Baney.

13. If any violation of Decedent's civil rights occurred, which is denied, any violations were committed by third parties over whom this Defendant had no supervision or control.

14. None of Decedent's federal constitutional or statutory rights were violated.

15. None of Decedent's state statutory or constitutional rights were violated.

16. Decedent received appropriate and timely medical and mental health care while incarcerated in the Pottawatomie County Public Safety Center.

17. All of Defendant's actions, inactions or decisions were reasonable under the facts and circumstances known or believed by him at that time.

18. To the extent such damages are sought, Plaintiff has failed to state a claim for any punitive damages against Defendant.

19. An award of punitive damages against Defendant, in his individual capacity, would violate his constitutional rights of due process under the Fourteenth Amendment.

20. To the extent such damages are sought, punitive damages may not be awarded against this Defendant in his official capacity.

21. Defendant did not have any knowledge of or personally participate in the events described in Plaintiff's Complaint.

22. There was no underlying unconstitutional act that would impose liability on the Defendant.

23. Plaintiff has failed to set forth which, if any, federal constitutional provisions were allegedly violated by any of the alleged conduct of Defendant.

24. Alleging a violation of or seeking recovery under 42 U.S.C. § 1983 does not assert a federal constitutional violation or claim.

25. State law is irrelevant to Plaintiff's federal constitutional law claims.

26. Defendant was not deliberately indifferent with regard to the training, supervision or discipline of Pottawatomie County Sheriff's deputies.

27. No act or omission by Defendant caused Decedent harm or his alleged constitutional violations.

28. Defendant is entitled to settlement credit or an offset, regarding any settlement with any other party in this case, pursuant to Okla. Stat. tit. 12, § 832(H), other state law, and/or federal common law.

29. Defendant asserts the benefit of Okla. Stat. tit. 12, § 3009.1 regarding the admissibility of medical expenses, if applicable.

30. Defendant claims the benefit of Okla. Stat. tit. 23, § 61.2 on limitations of damages, if applicable.

31. Defendant respectfully reserves the right to add additional affirmative defenses as it may become known through discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Brad Baney, individually and in his official capacity as Lieutenant of the Pottawatomie County Public Safety Center, prays that Plaintiff take nothing by way of her Complaint and respectfully requests that Defendant Baney be dismissed from this case and granted judgment in his favor as to all causes of action, and be awarded attorney's fees, costs and any other relief this Court deems just and proper.

Respectfully submitted,

s/ Wellon B. Poe
Wellon B. Poe, OBA No. 12440
COLLINS ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone:   (405) 524-2070
Facsimile:   (405) 524-2078
Email:       wbp@czwlaw.com

*ATTORNEY FOR DEFENDANT
BRAD BANEY*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ronald "Skip" Kelly
205 N.W. 63rd Street, Suite 150
Oklahoma City, OK  73116

Kevin R. Kemper
Attorney at Law
128 W. Hefner
Oklahoma City, OK  73114

***Attorneys for Plaintiff***

18

Robert S. Lafferrandre
Carson C. Smith
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis Avenue
Oklahoma City, OK  73106

***Attorneys for Defendants Jake Duggan
and Korbin Williams***

                                              s/ Wellon B. Poe
                                              Wellon B. Poe