**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

EVA KOPADDY, as Personal Representative )
of the Estate of RONALD GIVEN, deceased, )
                                           )
                         Plaintiff, )
                                           )
v.                                         )     Case No. CIV-20-1280-G
                                           )
POTTAWATOMIE COUNTY PUBLIC )
SAFETY CENTER, *et al.* )
                                           )
                       Defendant. )

**DEFENDANTS DUGGAN'S AND WILLIAMS' MOTION
TO DISMISS AND BRIEF IN SUPPORT**

COMES NOW Defendants J. Duggan and K. William (hereinafter "Defendants") and hereby move the Court to dismiss all of Plaintiff's against them in Plaintiff's Complaint [Doc. 1]. This Motion is filed pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiff's Complaint fails to state a claim upon which relief can be granted as to these Defendants.   The following brief is submitted in support.

**ARGUMENTS AND AUTHORITIES**

**I.     PLEADING STANDARD UNDER *TWOMBLY* AND *IQBAL***

In analyzing Plaintiff's Complaint, "the court need accept as true only Plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The allegations must provide "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative

level." *Id.* It is the Plaintiff's duty to allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570; *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); see also *Kay v. Bemis,* 530 F.3d 1214, 1218 (10th Cir. 2007) ("Rather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to belief above the speculative level.'" (quoting *Twombly,* 550 U.S. at 555)).

In *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008), the Tenth Circuit noted that if a complaint is sufficiently devoid of facts necessary to establish liability that it "encompass[es] a wide swath of conduct, most of it innocent, a court must conclude that plaintiffs 'have not nudged their claims across the line **from conceivable to plausible**.'" (emphasis added). The Tenth Circuit observed that a Complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *Id.*

The Tenth Circuit has repeatedly affirmed that generic accusations against the "Defendants" fail to meet the "fair notice" standard under Rule 8. See *Robbins v. Oklahom*a, 519 F.3d 1242, 1250 (10th Cir. 2008).   This collective pleading is insufficient under the plausibility standard.  *Robbins* provides:

> Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with **no distinction as to what acts are attributable to whom**, it is impossible for any of these individuals to ascertain what **particular unconstitutional acts** they are alleged to have committed. See *Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir., May 31, 2001) (granting a motion to dismiss for failure to provide fair notice under Rule 8 in part because "[t]he complaint failed to differentiate among the defendants,

alleging instead violations by 'the defendants' "); *Medina v. Bauer*, 2004 WL 136636, *6 (S.D.N.Y., Jan.27, 2004); *Lane v. Capital Acquisitions and Mgmt. Co*., 2006 WL 4590705, *5 (S.D.Fla., April 14, 2006).

*Id.* (emphasis added).  *Bryson*, supra, emphasizes that "it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id* at 1290. (emphasis in original, quoting *Robbins* 519 F.3d at 1249 – 50)

## II.    PLAINTIFF FAILS TO STATE ANY PLAUSIBLE STATE LAW CLAIM AGAINST DEFENDANTS INDIVIDUALLY

Plaintiff has not set out any plausible claim versus either Defendant Duggan or Defendant Williams in his Complaint.  Although it was expected, weeks ago, that Plaintiff would file an Amended Complaint, she has not done so to this point.  Hence, Defendants will address the Complaint as filed.

### A.  Plaintiff's Negligence Claim Against Defendants Is Barred By The GTCA

Plaintiff only asserts a Negligence claim against these Defendants in his Complaint. She alleges, in a global and vague sense, "Defendants breached their duty to Mr. Given when they removed him from psychiatric care at St. Anthony and placed him in the general population at PCPSC."  [Complaint, Doc. 1, ¶ 42].  First, the latter part of the sentence does not pertain to Officers Duggan and Williams, officers with the City of Shawnee Police Department who do NOT assign, or have any authority to assign, detainees to certain places within the County jail.

Defendants will address the first facet of that allegation, inasmuch as it *could*

3

*pertain* to them, though Plaintiff has not carried out his duty to properly specify the actors, see *infra*.   Accordingly, Defendants will treat this claim as though Plaintiff is alleging they, as City of Shawnee officers, breached some duty to Mr. Given in connection with the monitoring of him at the hospital and the taking of him to the County jail, but this claim is vaguely stated.  In any event, the claim, however adumbrated or intended, is legally barred.

Both officers were acting within the course and scope of their employment with the City of Shawnee's Police Department, and Plaintiff herself expressly alleges as much in her Complaint.   Plaintiff alleges, "At all times relevant herein, Duggan was acting…within the course and scope of his/her employment with the City of Shawnee and/or Pottawatomie County…" [Doc. 1, ¶ 12].  The same allegation is made for Officer Williams.  [Doc. 1, ¶ 13].  This allegation is consequential for Plaintiff's negligence claim against each officer individually.

As employees of the City of Shawnee, a political subdivision, at the time of the incident, Defendants, officers of the Shawnee Police Department, acting in their course and scope of their employment, as alleged by Plaintiff, cannot be sued for negligence. Via the GTCA, the State of Oklahoma adopted the doctrine of sovereign immunity on its behalf, as well as on behalf of its employees or employees of political subdivisions:

> The State of Oklahoma does hereby adopt the doctrine of sovereign immunity. The state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts.

51 Okla. Stat. §152.1(A).  "The GTCA adopts the doctrine of sovereign immunity and

provides that the State, its political subdivisions, **and all of their employees acting within the scope of their employment**, whether performing governmental or proprietary functions, shall be immune from liability for torts." *Smith v. City of Stillwater*, 2014 OK 42, 328 P.3d 1192, 1198, citing 51 O.S. § 152.1(A) and *Nelson v. Pollay*, 1996 OK 142, ¶ 5, 916 P.2d 1369. (emphasis added)

The State waived sovereign immunity only to the extent provided in the GTCA. 51 Okla. Stat. §152.1(B). However, sovereign immunity was not waived for governmental employees, who remain immune from liability in tort. *Id.*   In fact, an employee of the State of Oklahoma, its agencies, or any political subdivision *may not be named as a defendant* in a tort action that arises out of the performance of his or her official duties.  The GTCA expressly provides that "[i]n **no instance** shall an employee of the state or political subdivision acting **within the scope of his employment be named as a defendant**…" 51 Okla. Stat. §163(C)(emphasis added).  *See also Speight v. Presley*, 203 P.3d 173, 179 (Okla. 2008) ("Designating an employee in his or her official capacity as a named defendant…is improper under the OGTCA."); *Wilson v. City of Tulsa*, 91 P.3d 673, 678 (Okla. Civ. App. 2004) ("If [the state employee] was operating within the scope of his employment, he cannot be held personally liable and should not have been named in this lawsuit.").

Plaintiff alleges Duggan and Williams were both acting within the scope of their employment with the City of Shawnee and pleads no facts which would suggest otherwise. The tort claim of negligence asserted against Defendants Duggan and Williams individually cannot be legally maintained.   Hence, Plaintiff's negligence claim,

and any other state law tort claims[1], versus these Defendants should be dismissed.

### III.  ANY CLAIM VERSUS THE CITY OF SHAWNEE IS BARRED

#### A. Plaintiff Fails To Plead A Plausible Claim Against Defendants In Their Official Capacity

Plaintiff includes a claim against Defendants in their "official capacity as a law enforcement officer."  [Doc. 1, Style].  However, such is not a proper predicate for an official capacity claim.  Such claims lie only against the final policymaker, not regular officers of a city police department.

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  However, in order to bring an official capacity claim against an officer, the officer must have "'**final policymaking authority**.'" *Gros v. City of Grand Prairie, Tex.*, 181 F. 3d 613, 615 (5th Cir. 1999)(quoting *Jett v. Dallas Independent School District*, 491 U.S. 701, 737, 109 S. Ct. 2702, 105 L. Ed. 2d598 (1989)) (emphasis added).  This is not present here.

Defendants are alleged to be and are officers of the City of Shawnee Police Department; they are not the Chief of Police or City Officials. They are not alleged to and

---

[1] If Plaintiff intends a *Bosh*, Art. 2 § 30 claim against these officers, this claim too is subject to the provisions of the GTCA.  Even before *Barrios v. Haskell Cty. Pub. Facilities Auth.*, No. CIV-17-325-SPS, 2019 WL 321409, at *1 (E.D. Okla. Jan. 24, 2019), this claim was not maintainable versus individual Defendants or grounded in law. *Shed v. Oklahoma Department of Human Services*, 2017 WL 1496039 (E.D. OK April 25, 2017; *Maher v. Oklahoma*, 165 F.Supp.3d 1089, fn 3 (W.D. OK  2016); *Koch v. Juber*, CIV-13-0750-HE, 2014 WL 2171753, fn. 8 (W.D. Okla. May 23, 2014).  On December 6, 2018, the Supreme Court of Oklahoma held that "'constitutional' torts are now clearly 'torts' governed by the GTCA," 432 P.3d 233, 239.  In short, any Oklahoma Constitutional claim against Defendants is barred, as it has been superseded by statute.

do not have final policymaking authority for the City of Shawnee relative to law enforcement matters.   An official capacity claim against them is inapposite and invalid.

**B.  Any Tort Claim Against The City Of Shawnee Is Jurisdictionally Barred**

Even if such a claim is *deemed* properly made out as to the City of Shawnee, this claim is also legally barred by the Governmental Tort Claim Act (GTCA) for Plaintiff's failure to comply with its Notice Provisions.  Although Plaintiff alleges generically that she submitted a Notice of Tort Claim on or about July 20, 2020, she is does not say **to whom** this Notice was given.  In *Willborn v. City of Tulsa,* 1986 OK 44, 721 P.2d 803, 805, the court emphasized that "the petition must factually allege either actual or substantial compliance with § 156 of the Act" to avoid dismissal.   Otherwise, the "petition is facially flawed."   Similarly, the court in *Simington v. Parker*, 2011 OK CIV APP 28, 250 P.3d 351, 358, the court stated as follows:

> A petition must factually allege compliance with the GTCA's notice provisions…Simington does not allege **he gave DRS notice** of his claim as required under the GTCA, which **specific facts** are 'necessary to invoke the power of the trial court to remedy the alleged tortious wrongs' **by DRS**…Like the petitions and record in Girdner, Simington's petition and the record in this case 'is silent as to whether he, in fact, followed the notice provisions of the GTCA and timely filed his petition after denial of the claim.'

(emphasis added).  Plaintiff's Complaint does not allege compliance with the GTCA <u>as to the City of Shawnee.</u>   It is thus subject to dismissal as to the City of Shawnee.

Should the Court allow the allegation to suffice as to City of Shawnee, the claim is nonetheless barred for failure to strictly abide by the notice provisions. The GTCA imposes a three-step process for giving notice and filing suit against this Defendant. First, the Plaintiff must provide a specific notice within one year of the date of the

incident.

Specifically, 51 O.S. § 156(B) states, "A claim against the state or a political subdivision shall be **forever barred unless notice thereof is presented within one year after the loss occurs**." (emphasis added). Strict compliance with the timing scheme of the GTCA is required. Substantial compliance is not sufficient. *Neal v. City of Blackwell*, 1983 OK 90, 670 P. 2d 587, 588; *Trent v. Board of County Com'rs of Johnston County*, 1988 OK 15, 755 P.2d 615, 619.

Even if Notice *was provided* to the City of Shawnee on July 20, 2020, Plaintiff failed to present a Notice **within one year** after the loss occurred. Plaintiff alleges the incident involving Defendant Duggan and Williams occurred "on or about January 8, 2019," when law enforcement responded to a call at Tractor Supply and when Given was transported to St. Anthony Hospital in Shawnee. [Doc. 1, ¶ 22; see also ¶ 23]. Plaintiff alleges that Mr. Given "died on January 16, 2019." [*Id.*, ¶ 37]. Under either of those two dates, Plaintiff had, at the latest, until January 16, 2020 to file a Notice for GTCA purposes. See Section 156(F). January 2020 was *before* any Covid Orders issued by the Supreme Court of Oklahoma or really before Covid had caused any alteration in the daily affairs of Americans; such would eventually come in March 2020.

Plaintiff's failure is of jurisdictional import. In *Shanbour v. Hollingsworth*, 1996 OK 67, 918 P.2d 73, 75, the Oklahoma Supreme Court definitively stated:

> We determined in *Cruse v. Atoka County Board of Commissioners* that the Legislature **consented to judicial enforcement** of tort claims in the manner **narrowly structured** by the procedural requirements of §§ 156 and 157. Cruse determined that: 1) compliance with the written notice of claim and denial of claim provisions in §§ 156 and 157 are **prerequisites** to the state's

consent to be sued and to **the exercise of judicial power** to remedy the alleged tortious wrong by the government; 2) **judicial power is invoked by the timely filing** of the governmental tort claims action pursuant to § 157; and, 3) **expiration of the 180–day time period in § 157(B) operates to bar judicial** enforcement of the claim against the government to which the Legislature waived sovereign immunity.

(emphasis added)(citing *Cruse v. Atoka County Board of Commissioners, 1995 OK 143, 910 P.2d 998).  Hall v. The GEO Group, Inc.*, 2014 OK 22, 324 P. 3d 399 provides, "Compliance with the statutory notice provisions of the GTCA is a **jurisdictional requirement** to be completed prior to the filing of any pleadings." *Id*. at 404. (emphasis added).  *Hall* relies on well-established Oklahoma law in upholding the outright dismissal of Plaintiff's action, being that notice is a jurisdictional prerequisite to bringing any tort action subject to the GTCA.  *Id.* at Fn 2 (citing *Harmon v. Cradduck*, 286 P.3d 643, ¶28, 2012 OK 80) (Failure to present written notice as required by GTCA results in a permanent bar of any action derivative of the tort claim.); see also *Burghart v. Corrections Corporation of America*, 224 P.3d 1278, ¶¶11-13, 2009 OK CIV APP 76

Plaintiff cannot sidestep this flaw by stating the parties are only at the Motion to Dismiss stage.  *Visteon Corp. v. Yazel*, 2004 OK CIV APP 52, 91 P.3d 690, 693 states, "'[W]hen reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.'" (emphasis added)(quoting from *Holt v. U.S.*, 46 F.3d 1000 (10th Cir. (Ok) 1995), noting this principle in Holt was discussed "under Rule 12(b)(1), the federal counterpart to § 2012(B)(1)."). *Visteon* therefore counsels, "'When a jurisdictional question arises, the burden of proof is upon the party asserting that jurisdiction exists.'" *Id.* (emphasis

added)(quoting *Union Bank v. Ferris,* 1978 OK 149, 587 P.2d 454). With Defendants' challenge, Plaintiff must prove facts which support this Court having subject matter jurisdiction.  No such facts can be proved, and any amendment would thus be futile.

Plaintiff did not comply with the one year requirement under 51 O.S. § 156(B). Hence, under clear Oklahoma law, this Court lacks subject matter jurisdiction over any attempted GTCA claim.  Plaintiff's claim against the City of Shawnee, to the extent a valid claim is *even deemed alleged*, is jurisdictionally barred and must be dismissed.

## IV.    PLAINTIFF'S COMPLAINT SIMPLY DOES NOT PRESS A SECTION 1983 CLAIM AGAINST DEFENDANTS

In her Complaint, Plaintiff pleads two other claims aside from Negligence: "Excessive Force" and "Violation of Civil Rights- 42 U.S.C. 1983."  Neither of these appear to relate to or involve Officers Duggan or Williams in any way.  Both of these claims are directed to events that occurred the Pottawatomie County Public Safety Center, which is obviously not operated by the City of Shawnee or any of its officers. For example, on the latter claim, Plaintiff alleges, "Defendants have an affirmative duty to protect inmates from present and continuing harm…" [Doc. 1, ¶ 55]; "Defendant Booth, Defendant Breonna Thompson and Pottawatomie County (PCPSC) had an obligation… to maintain a jail…"    The allegations set out under Excessive Force, although more vague and indefinite, appear to be directed to the altercation with Mr. Givens that occurred at the PCPSC, which allegedly caused his physical injuries.

Whatever Plaintiff's *intent* regarding the inclusion or exclusion of Defendants Williams and Duggan from these two claims, the Complaint itself fails to set forth either

clear or plausible claims against them as a matter of law. Plaintiff has failed to state a claim against Defendants under governing pleading standards.  The United States Supreme Court has held that, while the pleading standard of FED. R. CIV. P. 8 does not require extensive factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 against Defendants as it contains merely vague, collective accusations, and these accusations are even divorced in time and place from the encounter involving Defendants and Mr. Given.

## V.   PLAINTIFF HAS NOT ALLEGED SUFFICIENT PERSONAL PARTICIPATION BY DEFENDANTS FOR ANY PLAUSIBLE SECTION 1983 CLAIM

An individual defendant in a Section 1983 case must have sufficient personal involvement in the alleged wrongs. *Thomas v. Independence Township*, 463 F.3d 285, 298 (3rd Cir. 2006); see also *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014).  *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) states, "Personal liability 'under § 1983 **must be** based on personal involvement in the alleged constitutional violation.'" (emphasis added)(quoting *Foote,* 118 F.3d at 1423).  Here, Plaintiff fails to assert what Defendants allegedly did that *plausibly could have* constituted a constitutional violation. Following *Twombly,* the Tenth Circuit has affirmed that a Complaint must contain sufficient factual allegations to put a defendant on fair notice of what he or she is alleged to have done that constitutes a claim under substantive law. *See Ton Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007).  The Supreme Court in *Iqbal,* 556 U.S. at 676 stated, "[A] plaintiff must plead that each Government-official defendant,

through the **official's own individual actions**, has violated the Constitution." (emphasis

added).    Plaintiff has not done so here.   "As § 1983 liability for damages for a federal

constitutional tort is personal, each defendant's conduct must be independently assessed,"

counsels *Davis v. White*, 794 F.3d 1008, 1013 (8th Cir. 2015).

Plaintiff does not, as required by *Twombly, Iqbal* and progeny set forth what

Defendant Williams and Defendant Duggan allegedly did or did not do as to Plaintiff's

decedent, Mr. Given, that connects with any Section 1983 claim.   *Bryson v. Gonzales*

534 F.3d 1282 (10th Cir. 2008) states that, in Section 1983 cases with multiple

Defendants, "it is particularly important in such circumstances that the complaint make

clear exactly who is alleged to have done what to whom."   In contrast, Plaintiff uses

"Defendants" loosely throughout the Complaint.

Rather than setting out Duggan's or Williams's own individual actions that

allegedly caused a particular constitutional violation at issue, Plaintiff resorts to collective

and vague accusations.  For instance, Plaintiff's Complaint reads:

> 59. At all material times herein, Defendants had an obligation to the citizens of
>     Pottawatomie County to ensure that the serious psychiatric needs of inmates
>     detained at PCPSC were timely and adequately addressed.
> 60. Defendants' failure to adequately attend to Mr. Given's serious psychiatric
>     condition resulted in him experiencing unnecessary pain.
> 61. Defendants' failure to adequately attend to Mr. Given's serious psychiatric
>     condition caused or contributed to his death.

[Doc. 1, ¶¶ 59-61].   First, these allegations concern what occurred at the PCPSC, the

County jail, an operation and an event in which these Defendants were not involved and

not alleged to have been involved.  They fail to pertain to these Defendants.

12

Second, even if somehow Plaintiff wished to loop in these Defendants for some reason, *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) proscribes the use of "the collective term 'Defendants'…with no distinction as to what acts are attributable to whom." Further, Plaintiff's allegations, lumped together under the impermissible catch-all of "Defendants," are themselves vague and conclusory accusations. Lastly, Plaintiff pairs legal rubric, and recitation of legal causes of action, with conclusory allegations. This method is specifically proscribed by and insufficient under *Twombly* and progeny.

In short, Plaintiff is master of her Complaint. She did not plead any Section 1983 claims against these Defendants; this ends the matter. Even if Plaintiff maintains she did so, or meant to, her allegations in the Complaint do not rise to a plausible constitutional violation for which Officers Duggan and Williams would have liability. Certainly, Plaintiff does not allege how either Defendant Williams or Defendant Duggan had any personal participation in somehow causing the event that resulted in Mr. Given's injuries. Even if, *arguendo,* Defendant officers did not perform properly in some capacity, this is not tantamount to a constitutional violation. *Berry v. City of Muskogee*, OKl, 900 F.2d 1489, 1495 (10th Cir. 1990)("Deliberate indifference" requires "**higher degree** of fault than negligence, or **even gross negligence**…"(emphasis added)(citing *City of Canton v. Harris*, 489 U.S. 378, n. 7 (1989)). Any Section 1983 claims *deemed pending* against these Defendants plainly fail *Twombly* and progeny and should be dismissed.

WHEREFORE, for the foregoing reasons, Defendants Duggan and Williams respectfully requests that this Court enter an order dismissing all of Plaintiff's claims asserted against them for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6),

together with such further relief this Court deems just and proper.

Respectfully submitted,

s/ Carson C. Smith
Carson C. Smith, OBA #22303
Robert S. Lafferrandre, OBA #11897
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis Avenue
Oklahoma City, OK 73106
Telephone: (405)235-1611
Facsimile: (405)235-2304
csmith@piercecouch.com
rlafferrandre@piercecouch.com
***Attorneys for Defendants Jake Duggan
And Korbin Williams, in their official
and individual capacities***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of February, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Ronald "Skip" Kelly      kellyron01@yahoo.com
Kevin R. Kemper       kemperlawoffice@gmail.com
Wellon B. Poe, Jr.       wbp@czwlaw.com

s/ Carson C. Smith
Carson C. Smith