# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. EVA KOPADDY, as Personal Representative of the Estate of Ronald Given, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-20-1280-G |
| 1. POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER, an Oklahoma Title 19 Authority; *et al.*, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## ANSWER OF BRAD BANEY TO FIRST AMENDED COMPLAINT

Defendant Brad Baney, individually and in his official capacity as Lieutenant of the Pottawatomie County Public Safety Center, by and through counsel of record and for his answer to Plaintiff's First Amended Complaint filed herein, does allege and state as follows:

### Jurisdiction and Venue

1.      Defendant admits this action is being brought pursuant to 42 U.S.C. § 1983 and seeks relief under the provisions of the United States Constitution and Oklahoma state law.  Defendant denies any violation of any of Plaintiff's rights as guaranteed by the laws of the State of Oklahoma or the United States Constitution as alleged in ¶ 1 of Plaintiff's First Amended Complaint.

2.      Defendant admits that jurisdiction for such question would be appropriate pursuant to 28 U.S.C. § 1331 as alleged in ¶ 2 of Plaintiff's First Amended Complaint.

Defendant denies that this Court has jurisdiction as there has been no violation of any of Plaintiff's federal civil rights.

3.    Defendant denies that this Court has jurisdiction under the Federal Declaratory Judgment Act as alleged in ¶ 3 of Plaintiff's First Amended Complaint as the First Amended Complaint fails to assert any request for declaratory relief.

4.    Defendant admits that venue is proper as alleged in ¶ 4 of Plaintiff's First Amended Complaint.

5.    Defendant admits that Plaintiff is seeking in excess of $75,000 in damages as alleged in ¶ 5 of Plaintiff's First Amended Complaint.  Defendant denies that Plaintiff is entitled to any damages, costs, interest or any other relief as may be sought or alleged in this litigation.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of Plaintiff's First Amended Complaint and therefore denies the same.

7.    Defendant admits the allegations as alleged in ¶ 7 of Plaintiff's First Amended Complaint.

8.    Defendant objects to ¶ 8 of Plaintiff's First Amended Complaint as it violates the provisions of Fed. R. Civ. P. 8(a) requiring each allegation to be "simple, concise and direct" and Fed. R. Civ. P. 10(b) limiting a claim "to a simple set of circumstances."  To the extent a response is necessary, Defendant admits that Defendant Breonna R. Thompson was the Executive Director of the Pottawatomie County Public Safety Center at all times relevant to this action and is being sued both in her individual

and official capacities. Defendant denies, as phrased, the remaining allegations of ¶ 8 of Plaintiff's First Amended Complaint.

9.     The allegations contained in ¶ 9 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent any response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of Plaintiff's First Amended Complaint and therefore denies the same.

10.     Defendant objects to ¶ 10 of Plaintiff's First Amended Complaint as it violates the provisions of Fed. R. Civ. P. 8(a) requiring each allegation to be "simple, concise and direct" and Fed. R. Civ. P. 10(b) limiting a claim "to a simple set of circumstances." To the extent a response is necessary, Defendant admits that he was and is a Lieutenant with the Pottawatomie County Public Safety Center and is being sued in both his individual capacity and official capacity as alleged in ¶ 10 of Plaintiff's First Amended Complaint. Defendant denies, as phrased, the remaining allegations contained in ¶ 10 of Plaintiff's First Amended Complaint.

11.     The allegations contained in ¶ 11 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent any response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 11 of Plaintiff's First Amended Complaint and therefore denies the same.

12.     The allegations contained in ¶ 12 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant. To

the extent any response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 12 of Plaintiff's First Amended Complaint and therefore denies the same.

13.     The allegations contained in ¶ 13 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant.  To the extent any response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 13 of Plaintiff's First Amended Complaint and therefore denies the same.

14.     To the extent the allegations contained in ¶ 14 of Plaintiff's First Amended Complaint are directed at this Defendant, Defendant would admit that he was acting under color of law within the meaning of 42 U.S.C. § 1983.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of Plaintiff's First Amended Complaint as they relate to any other Defendant and therefore denies the same.

15.     To the extent the allegations contained in ¶ 15 of Plaintiff's First Amended Complaint are directed at this Defendant, Defendant denies the allegations contained in ¶ 15 of Plaintiff's First Amended Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of Plaintiff's First Amended Complaint as they relate to any other Defendant and therefore denies the same.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of Plaintiff's First Amended Complaint and therefore denies the same.

17.     To the extent Defendant took any actions or inactions related to Plaintiff's allegations, Defendant admits that Plaintiff's claims arose in Pottawatomie County, State of Oklahoma inside the United States District Court for the Western District of Oklahoma as alleged in ¶ 17 of Plaintiff's First Amended Complaint.

### Factual Background

18.     The allegations contained in ¶ 18 of Plaintiff's First Amended Complaint do not require a response from this Defendant.  Should a response be deemed necessary, Defendant hereby incorporates his responses to ¶¶ 1-17 as set forth above.

19.     The allegations contained in ¶ 19 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant.  To the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of Plaintiff's First Amended Complaint and therefore denies the same.

20.     The allegations contained in ¶ 20 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant.  To the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 of Plaintiff's First Amended Complaint and therefore denies the same.

21.     The allegations contained in ¶ 21 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of Plaintiff's First Amended Complaint and therefore denies the same.

22.     The allegations contained in ¶ 22 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 22 of Plaintiff's First Amended Complaint and therefore denies the same.

23.     The allegations contained in ¶ 23 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 23 of Plaintiff's First Amended Complaint and therefore denies the same.

24.     The allegations contained in ¶ 24 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 24 of Plaintiff's First Amended Complaint and therefore denies the same.

25.     The allegations contained in ¶ 25 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant. To

the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 25 of Plaintiff's First Amended Complaint and therefore denies the same.

26.     The allegations contained in ¶ 26 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant.  To the extent a response is deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 26 of Plaintiff's First Amended Complaint and therefore denies the same.

27.     Defendant objects to ¶ 27 of Plaintiff's First Amended Complaint as it violates the provisions of Fed. R. Civ. P. 8(a) requiring each allegation to be "simple, concise and direct" and Fed. R. Civ. P. 10(b) limiting a claim "to a simple set of circumstances."  To the extent a response is necessary, Defendant denies the allegations contained in ¶ 27 of Plaintiff's First Amended Complaint.

28.     Defendant objects to the statements in ¶ 28 of Plaintiff's First Amended Complaint as they are nothing more than personal opinions of counsel.  Defendant asserts that any video will speak for itself.  To the extent a response is necessary, Defendant denies the allegations set forth in ¶ 28 of Plaintiff's First Amended Complaint.

29.     Defendant objects to the statements in ¶ 29 of Plaintiff's First Amended Complaint as they are nothing more than personal opinions of counsel.  Defendant asserts that any video will speak for itself.  To the extent a response is necessary, Defendant denies the allegations set forth in ¶ 29 of Plaintiff's First Amended Complaint.

30.     Defendant objects to ¶ 30 of Plaintiff's First Amended Complaint as it violates the provisions of Fed. R. Civ. P. 8(a) requiring each allegation to be "simple, concise and direct" and Fed. R. Civ. P. 10(b) limiting a claim "to a simple set of circumstances." Moreover, Defendant objects to the statements in ¶ 30 of Plaintiff's First Amended Complaint as they are nothing more than personal opinions of counsel. Defendant asserts that any video will speak for itself. The allegations contained in ¶ 30 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant denies the multiple allegations made in ¶ 30 of Plaintiff's First Amended Complaint.

31.     Defendant objects to the statements in ¶ 31 of Plaintiff's First Amended Complaint as they are nothing more than personal opinions of counsel. Defendant asserts that any video will speak for itself. The allegations contained in ¶ 31 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 31 of Plaintiff's First Amended Complaint.

32.     Defendant objects to the statements in ¶ 32 of Plaintiff's First Amended Complaint as they are nothing more than personal opinions of counsel. Defendant asserts that any video will speak for itself. The allegations contained in ¶ 32 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant. To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 32 of Plaintiff's First Amended Complaint.

33.     Defendant admits Decedent was transported from the jail to the local Shawnee Hospital.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 33 of Plaintiff's First Amended Complaint and therefore denies the same.

34.     Defendant admits that at some point Decedent stripped out of his clothes while in a jail cell.  Defendant denies the remaining allegations contained in ¶ 34 of Plaintiff's First Amended Complaint.

35.     Defendant denies the allegations contained in ¶ 35 of Plaintiff's First Amended Complaint.

36.     Defendant admits the allegations contained in ¶ 36 of Plaintiff's First Amended Complaint.

37.     The allegations contained in ¶ 37 of Plaintiff's First Amended Complaint are not directed at this Defendant and do not require a response from this Defendant. Moreover, the statements are self-serving and an incorrect summation of the Medical Examiner's report, which speaks for itself.  To the extent a response is deemed necessary, Defendant denies the allegations, as phrased, the allegations contained in ¶ 37 of Plaintiff's First Amended Complaint.

38.     To the extent the allegations are directed at the Pottawatomie County Public Safety Center staff or this Defendant, Defendant denies the allegations contained in ¶ 38 of Plaintiff's First Amended Complaint.  To the extent the allegations are directed to the Shawnee Police Department or its officers, this Defendant is without knowledge or

information sufficient to form a belief as to those allegations in ¶ 38 of Plaintiff's First Amended Complaint and therefore denies the same.

39.     To the extent the allegations are directed at the Pottawatomie County Public Safety Center staff or this Defendant, Defendant denies the allegations contained in ¶ 38 of Plaintiff's First Amended Complaint.  To the extent the allegations are directed to the Shawnee Police Department or its officers, this Defendant is without knowledge or information sufficient to form a belief as to those allegations in ¶ 38 of Plaintiff's First Amended Complaint and therefore denies the same.

## First Cause of Action
## Deliberate Indifference in Violation of the Fourteenth Amendment

40.     The allegations contained in ¶ 40 of Plaintiff's First Amended Complaint do not require a response from this Defendant.  Should a response be deemed necessary, Defendant hereby incorporates his responses to ¶¶ 1-39 as set forth above.

41.     The allegations contained in ¶ 41 of Plaintiff's First Amended Complaint are nothing more than a legal opinion and does not require a response from this Defendant.  To the extent a response is deemed necessary, Defendant denies, as phrased, the insinuations and allegations contained in ¶ 41 of Plaintiff's First Amended Complaint.

42.     The allegations contained in ¶ 42 of Plaintiff's First Amended Complaint are nothing more than a legal opinion and does not require a response from this Defendant.  To the extent a response is deemed necessary, Defendant denies, as phrased, the insinuations and allegations contained in ¶ 42 of Plaintiff's First Amended Complaint.

43.     Defendant is without knowledge as to the allegations contained in ¶ 43 of Plaintiff's First Amended Complaint related to the Decedent being removed from

psychiatric care and therefore denies the same. Defendant denies the remaining allegations contained in ¶ 43 of Plaintiff's First Amended Complaint.

44. Defendant denies the allegations contained in ¶ 44 of Plaintiff's First Amended Complaint.

45. Defendant denies the allegations contained in ¶ 45 of Plaintiff's First Amended Complaint.

46. Defendant denies the allegations contained in ¶ 46 of Plaintiff's First Amended Complaint.

47. Defendant denies the allegations contained in ¶ 47 of Plaintiff's First Amended Complaint.

48. Defendant denies the allegations contained in ¶ 48 of Plaintiff's First Amended Complaint.

49. Defendant denies the allegations contained in ¶ 49 of Plaintiff's First Amended Complaint and specifically denies that Plaintiff is entitled to any damages as may be alleged in ¶ 49 or elsewhere in Plaintiff's First Amended Complaint.

## Second Cause of Action
## Excessive Force in Violation of the Fourth and Fourteenth Amendments

50. The allegations contained in ¶ 50 of Plaintiff's First Amended Complaint do not require a response from this Defendant. Should a response be deemed necessary, Defendant hereby incorporates his responses to ¶¶ 1-49 as set forth above.

51. Defendant denies the allegations contained in ¶ 51 of Plaintiff's First Amended Complaint.

52. To the extent the allegations contained in ¶ 52 of Plaintiff's First Amended Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 52 of Plaintiff's First Amended Complaint.

53. To the extent the allegations contained in ¶ 53 of Plaintiff's First Amended Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 53 of Plaintiff's First Amended Complaint.

54. Defendant denies the allegations contained in ¶ 54 of Plaintiff's First Amended Complaint.

55. Defendant denies the allegations contained in ¶ 55 of Plaintiff's First Amended Complaint.

56. Defendant denies the allegations contained in ¶ 56 of Plaintiff's First Amended Complaint.

## Third Cause of Action
## Violation of Civil Rights Under 42 U.S.C. § 1983

57. The allegations contained in ¶ 57 of Plaintiff's First Amended Complaint do not require a response from this Defendant. Should a response be deemed necessary, Defendant hereby incorporates his responses to ¶¶ 1-56 as set forth above.

58. To the extent the allegations contained in ¶ 58 of Plaintiff's First Amended Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 58 of Plaintiff's First Amended Complaint.

59. The allegations in ¶ 59 of Plaintiff's First Amended Complaint contain a legal opinion and do not require a response from this Defendant. To the extent a

response is deemed necessary from this Defendant, Defendant denies, as phrased, the allegations contained in ¶ 59 of Plaintiff's First Amended Complaint.

60. The allegations contained in ¶ 60 are a policy statement set forth by Plaintiff. To the extent the allegations contained in ¶ 60 require a response from this Defendant, Defendant denies, as phrased, the allegations contained in ¶ 60 of Plaintiff's First Amended Complaint.

61. Defendant objects to ¶ 61 of Plaintiff's First Amended Complaint as it violates the provisions of Fed. R. Civ. P. 8(a) requiring each allegation to be "simple, concise and direct" and Fed. R. Civ. P. 10(b) limiting a claim "to a simple set of circumstances." To the extent a response is necessary and the allegations are directed at the Pottawatomie County Public Safety Center and staff, Defendant admits that Breonna Thompson is the Executive Director of the Pottawatomie County Public Safety Center and responsible for the administration and control of the operations of the facility as alleged in ¶ 61 of Plaintiff's First Amended Complaint. Defendant denies the Pottawatomie County Public Safety Center is a legal entity subject to suit. Defendant denies, as phrased, the remaining allegations related to the jail and its staff contained in ¶ 61 of Plaintiff's First Amended Complaint. To the extent the allegations are directed to the Shawnee Police Department or its officers, this Defendant is without knowledge or information sufficient to form a belief as to those allegations in ¶ 61 of Plaintiff's First Amended Complaint and therefore denies the same.

62. The allegations contained in ¶ 62 are a policy statement set forth by Plaintiff. To the extent the allegations contained in ¶ 62 require a response from this

Defendant, Defendant denies, as phrased, the allegations contained in ¶ 62 of Plaintiff's First Amended Complaint.

63.     The allegations contained in ¶ 63 are a policy statement set forth by Plaintiff.  To the extent the allegations contained in ¶ 63 require a response from this Defendant, Defendant denies, as phrased, the allegations contained in ¶ 63 of Plaintiff's First Amended Complaint.

64.     To the extent the allegations contained in ¶ 64 of Plaintiff's First Amended Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 64 of Plaintiff's First Amended Complaint.

65.     To the extent the allegations contained in ¶ 65 of Plaintiff's First Amended Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 65 of Plaintiff's First Amended Complaint.

66.     To the extent the allegations contained in ¶ 66 of Plaintiff's First Amended Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 66 of Plaintiff's First Amended Complaint.

67.     To the extent the allegations contained in ¶ 67 of Plaintiff's First Amended Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 67 of Plaintiff's First Amended Complaint.

68.     To the extent the allegations contained in ¶ 68 of Plaintiff's First Amended Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 68 of Plaintiff's First Amended Complaint.

69.     To the extent the allegations contained in ¶ 69 of Plaintiff's First Amended Complaint are directed to this Defendant, Defendant denies the allegations contained in ¶ 69 of Plaintiff's First Amended Complaint.

70.     Defendant denies the allegations contained in ¶ 71 of Plaintiff's First Amended Complaint.

71.     The allegations contained in ¶ 71 of Plaintiff's First Amended Complaint amount to nothing more than a policy statement by Plaintiff.  To the extent a response is deemed necessary, Defendant denies, as phrased, the general allegations contained in ¶ 71 of Plaintiff's First Amended Complaint.

72.      Defendant denies the allegations contained in ¶ 72 of Plaintiff's First Amended Complaint.

73.     Defendant denies the allegations contained in ¶ 73 of Plaintiff's First Amended Complaint.

74.     Defendant denies the allegations contained in ¶ 74 of Plaintiff's First Amended Complaint.

75.     Defendant denies the allegations contained in ¶ 75 of Plaintiff's First Amended Complaint.

76.     Defendant denies the allegations contained in ¶ 76 of Plaintiff's First Amended Complaint.

77.     Defendant denies the allegations contained in ¶ 77 of Plaintiff's First Amended Complaint.

78.     Defendant denies the allegations contained in ¶ 78 of Plaintiff's First Amended Complaint.

79.     Defendant denies the allegations contained in ¶ 79 of Plaintiff's First Amended Complaint, specifically denies that any of the actions alleged were reckless, intentional and/or life threatening and denies that Plaintiff is entitled to any award of punitive damages.

80.     Defendant denies the allegations contained in Plaintiff's "WHEREFORE" clause of Plaintiff's First Amended Complaint and specifically denies that Plaintiff is entitled to any judgment against any Defendant, entitled to any actual or compensatory damages, any aware of punitive damages, any attorney's fees, costs or any other relief that may be sought by Plaintiff during the course of this litigation.

81.     Any allegation, assertion or statement set forth in Plaintiff's First Amended Complaint and not admitted, denied or otherwise addressed in this Answer is hereby denied.

## DEFENSES

Defendant Brad Baney, individually and in his official capacity as Lieutenant of the Pottawatomie County Public Safety Center, and for his defenses to Plaintiff's claims, alleges and states:

1.     Plaintiff's First Amended Complaint fails to state a claim for relief or remedy against Defendant Baney under 42 U.S.C. § 1983 or under any federal statutory or constitutional provision.

2.　　To the extent Plaintiff has sued Defendant in his individual capacity, Defendant Baney is entitled to the defense of qualified immunity.

3.　　To the extent Plaintiff has sued Defendant in his official capacity, Defendant Baney is not a proper party for any official capacity claims as he is not the final policymaker or final responsible party for the operation of the Pottawatomie County Public Safety Center and therefore, has no official capacity.

4.　　Defendant Baney did not personally participate in any action, inaction or decision related to any aspect of Decedent's January 2019 incarceration in the Pottawatomie County Public Safety Center.

5.　　There is no evidence that the need for more or different training was so obvious, and/or any inadequacy so likely to result in the violation of constitutional rights that Defendant could reasonably be said to have been deliberately indifferent to the need for additional training.

6.　　Defendant cannot be held liable in his individual capacity under § 1983 for any state or federal constitutional violations resulting from the acts of any agent, servant or employee under the doctrine of respondeat superior or vicarious liability.

7.　　To the extent Defendant Barney is a proper party in his official capacity, Defendant has not executed or implemented any policy or procedure which can be found in any ordinance, regulation, policy statement or decision officially adopted by the Defendant, or found in a pattern of persistent practices known to and approved by the Defendant that would be considered unconstitutional.

8. The alleged actions of staff at the Pottawatomie County Public Safety Center were reasonable and proper under the circumstances which officers observed, knew or should have known.

9. Plaintiff has failed to set forth any allegations that would create a material issue of fact as to the requisite culpable state of mind of deliberate indifference on behalf of Defendant Baney.

10. If any violation of Decedent's civil rights occurred, which is denied, any violations were committed by third parties over whom this Defendant had no supervision or control.

11. None of Decedent's federal constitutional or statutory rights were violated.

12. Decedent received appropriate and timely medical and mental health care while incarcerated in the Pottawatomie County Public Safety Center.

13. All of Defendant Baney's actions, inactions or decisions, if any, were reasonable under the facts and circumstances known or believed by him at that time.

14. To the extent such damages are sought, Plaintiff has failed to state a claim for any punitive damages against Defendant.

15. An award of punitive damages against Defendant, in his individual capacity, would violate his constitutional rights of due process under the Fourteenth Amendment.

16. To the extent such damages are sought, punitive damages may not be awarded against this Defendant in his official capacity.

17.     Defendant did not have any knowledge of or was aware of any of the events or decisions described in Plaintiff's First Amended Complaint.

18.     There was no underlying unconstitutional act that would impose liability on the Defendant.

19.     Plaintiff has failed to set forth which, if any, federal constitutional provisions were allegedly violated by any of the alleged conduct of Defendant.

20.     A violation of a jail policy does not assert a federal constitutional violation or claim.

21.     State law is irrelevant to Plaintiff's federal constitutional law claims.

22.     Defendant was not deliberately indifferent with regard to the training, supervision or discipline of Pottawatomie County Public Safety Center staff.

23.     No act or omission by Defendant caused Decedent harm or his alleged constitutional violations.

24.     Defendant is entitled to settlement credit or an offset, regarding any settlement with any other party in this case, pursuant to Okla. Stat. tit. 12, § 832(H), other state law, and/or federal common law.

25.     Defendant asserts the benefit of Okla. Stat. tit. 12, § 3009.1 regarding the admissibility of medical expenses, if applicable.

26.     Defendant claims the benefit of Okla. Stat. tit. 23, § 61.2 on limitations of damages, if applicable.

27.     The First Amended Complaint fails to allege any specific violation or specific action by this Defendant.

28.     As a pretrial detainee, Plaintiff's First Amended Complaint fails to allege a cause of action against this Defendant under the Fourth or Eighth Amendments.

29.     Plaintiff's injuries and damages, if any, were caused by and the result of Plaintiff's own culpable actions and/or conduct.

30.     Plaintiff's injuries and damages, if any, were caused by and were the result of third-parties and individuals over whom this Defendant had no authority or control.

31.     Defendant respectfully reserves the right to add additional affirmative defenses as it may become known through discovery.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant Brad Baney, individually and in his official capacity as Lieutenant of the Pottawatomie County Public Safety Center, prays that Plaintiff take nothing by way of her Complaint and respectfully requests that Defendant Baney be dismissed from this case, granted judgment in his favor as to all causes of action, and be awarded attorney's fees, costs and any other relief this Court deems just and proper.

Respectfully submitted,

s/ Wellon B. Poe
Wellon B. Poe, OBA No. 12440
COLLINS ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone:    (405) 524-2070
Facsimile:    (405) 524-2078
Email:        wbp@czwlaw.com

*ATTORNEY FOR DEFENDANT*
*BRAD BANEY*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 30, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ronald "Skip" Kelly
205 N.W. 63rd Street, Suite 150
Oklahoma City, OK  73116

Kevin R. Kemper
Attorney at Law
128 W. Hefner
Oklahoma City, OK  73114

Chanda R. Graham
Chanda Graham, PLLC
PO Box 7771
Oklahoma City, OK  73118

***Attorneys for Plaintiff***

Robert S. Lafferrandre
Carson C. Smith
Pierce Couch Hendrickson
  Baysinger & Green, L.L.P.
1109 N. Francis Avenue
Oklahoma City, OK  73106

***Attorneys for Defendants Jake Duggan
and Korbin Williams***

                                      s/ Wellon B. Poe
                                       Wellon B. Poe