IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVA KOPADDY, as Personal Representative of the Estate of RONALD GIVEN, deceased, <br><br> Plaintiff, <br><br> v. <br><br> POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER, *et al.* <br><br> Defendant. | ) ) ) ) ) ) ) Case No. CIV-20-1280-G ) ) ) ) ) ) |

**DEFENDANTS DUGGAN'S AND WILLIAMS' MOTION
TO DISMISS AND BRIEF IN SUPPORT**

COMES NOW Defendants Duggan and Williams (hereinafter "Defendants") and hereby move the Court to dismiss all of Plaintiff's claims against them in Plaintiff's Amended Complaint [Doc. 18]. This Motion is filed pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiff's Complaint fails to state a claim upon which relief can be granted as to these Defendants, as they are entitled to qualified immunity given the allegations in the Complaint. The following brief is submitted in support.

### I. BOTH WILLIAMS AND DUGGAN ARE ENTITLED TO QUALIFIED IMMUNITY

Plaintiff's only claim against Defendants Williams and Duggan is a federal claim under Section 1983 for alleged denial of medical care, i.e. deliberate indifference to serious medical or mental health needs. [See Amended Complaint, Doc. 18, ¶¶ 40-49]. The other claims are directed to events that occurred at the jail and Defendants in that context, citing duties attendant to the jail and to inmates, etc. Defendants Williams and

Duggan are Shawnee Police Department officers. Plaintiff reiterates her claim of denial of medical care against "Defendants" globally in paragraphs 63-67, [Doc. 18], but in any event, Plaintiff's one claim against these moving Defendants is deliberate indifference to serious medical or mental health needs, a civil rights Section 1983 claim.

In civil rights actions seeking damages against governmental officials, "courts recognize the affirmative defense of qualified immunity, which protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Gross v. Pirtle*, 245 F.3d 1151, 1155 (10th Cir. 2001)(quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Qualified immunity protects public officials from individual liability in Section 1983 claims and is "an entitlement to not stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Qualified immunity is more than a defense to liability: it is immunity from suit that is effectively lost if a case is erroneously permitted to go to trial. *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).

It has long been the law that once a defendant asserts a qualified immunity defense in a dispositive motion, the responsibility shifts to the plaintiff to "meet a 'heavy two-part burden.'" *Case v. West Las Vegas Indep. Sch. Dist.*, 473 F.3d 1323 (10th Cir. 2007). "[T]o avoid judgment for the defendant based on qualified immunity, the plaintiff must show that the defendant's actions violated a specific statutory or constitutional right, and that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue." *Toevs v. Reid*, 646 F. 3d 752, 755 (10th Cir. 2011) (emphasis added). *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017) states:

> 'If, and **only if**, the **plaintiff meets** this two-part test does a defendant then bear the traditional burden of the movant for summary judgment—showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'

(emphasis added)(quoting *Clark v. Edmunds*, 513 F.3d 1219, 1222 (10th Cir. 2008)).

Officers are protected in "close cases" by the doctrine of qualified immunity, which serves to protect law enforcement officers from the chilling threat of liability. *Swain v. Spinney*, 117 F.3d 1, 10 (1st Cir. 1997). Generally, there must be a Supreme Court or Tenth Circuit decision on point, or a clearly established weight of authority from other courts for the law to be clearly established. *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).

An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was "clearly established." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014). A Defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable officer in the defendant's shoes would have understood that he was violating it. *Id.* "In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate" and "[the Supreme Court] has repeatedly told courts…not to define clearly established law at a **high level of generality** since doing so avoid the crucial question whether the official acted reasonably in the **particular circumstances that he or she faced**." *Id.* (emphasis added). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Crow v. Montgomery*, 403 F.3d at 602. *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006)

states, "The law is clearly established if a reasonable official in the defendant's circumstances would understand that her conduct violated the plaintiff's constitutional right."   See also *Perry v. Durborow*, 892 F.3d 1116, 1123 (10th Cir. 2018) ("Perry must identify a case where an official acting under similar circumstances as [Defendant] was held to have violated the Constitution.")

In the present case, Plaintiff cannot meet either prong of the qualified immunity analysis. Even before discovery, the Court can address the second inquiry only in this matter.  The Court may choose which of the two inquiries in the qualified immunity analysis to assess first.   *Wilson* states, "When determining whether qualified immunity applies, we may choose which of the two prongs of the qualified immunity analysis should be addressed first." (quoting *The Estate of Lockett by & through Lockett v. Fallin*, 841 F.3d 1098, 1107 (10th Cir. 2016)).

Recently, the United States Supreme Court has emphasized that the "clearly established law" inquiry is not meant to be an exercise in generalities or principles. Instead, the analysis must be disciplined to the particular facts at issue, from the vantage point of the officer whose actions are under review. *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) states "We have repeatedly told courts … not to define clearly established law at a high level of generality." (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 742).  In *Mullenix*, a police officer used deadly force and shot at a fleeing felon from an overpass as the suspect approached. The district court denied qualified immunity because a police officer may not use deadly force when there is a fleeing felon who does not pose a sufficient threat of harm to the officer or others. See *Mullenix*, 136 S.Ct. at 308-09. The *Mullenix*

4

Court was quick to note that this was not the appropriate inquiry. Rather, the correct question was "whether it was clearly established that he Fourth Amendment prohibited the officer's conduct **in the** ''**situation [she] confronted**': whether to shoot a disturbed felon, set on avoiding capture through vehicular flight, when persons in the immediate area are at risk from that flight.' (citing *Haugen v. Brosseau*, 543 U.S. 194, 199-2000 (2004)(emphasis added)). The Supreme Court emphasized "[t]he dispositive question is 'whether the violative nature of **particular conduct** is clearly established.'" *Mullenix*, at 307 (quoting *Al-Kidd*, 563 U.S. at 742)(emphasis added).

Plaintiff must show similar circumstances to those allegedly facing Defendants Duggan and Williams with respect to their interactions with Mr. Givens to prove the right was clearly established. In *White v. Pauly*, 137 S.Ct. 548, 552 (2017), the Supreme Court held that the Tenth Circuit erred when it "failed to identify a case where an officer acting under similar circumstances as [the defendant officer] was held to have violated the Fourth Amendment." *Id.* *White* states, "Today, it is again necessary to reiterate the longstanding principle that "clearly established law" should not be defined "at a high level of generality…the clearly established law must be 'particularized' to the facts of the case." *Id.* at 552. (citing, *inter alia*, *Al-Kidd*, 563 U.S. at 742 and *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)

The Tenth Circuit has recently confirmed that district courts must use this more specific and less generic approach to determining qualified immunity. *Aldaba v. Pickens*, 844 F.3d 870, 872 (10th Cir. 2016); See *also Garcia v. Escalante*, 2017 WL 443610, *4 (10th Cir. Feb. 2, 2017); *Youbyoung Park v. Gaitan*, 2017 WL 782280, *9 (10th Cir.

5

Mar. 1, 2017); *Moore v. Roberts*, 2017 WL 1906953, *6 (10th Cir. April 17, 2017).  After the Supreme Court vacated the 10th Circuit's judgment, the Tenth Circuit recently in *Pauly v. White*, 874 F.3d 1197, 1223 (10th Cir. 2017)(*Pauly* III), discussing the disparity in facts between its case and others, stated, 'Because there is no case "close enough on point to make the unlawfulness of [Officer White's] actions apparent,'… we conclude that Officer White is entitled to qualified immunity.  (internal citations omitted)(quoting from *Pauly* I, 814 F.3d at 1091).  The Tenth Circuit again recently reaffirmed the specificity element of the "clearly established" prong examination.  *Estate of Ceballos v. Husk*, 919 F.3d 1204, 1215-15 (10th Cir. 2019).

Here, there is not a qualifying case of sufficient similarly to the particular situation that unfolded at St. Anthony's Hospital in Shawnee and *en route* to the Pottawatomie County Safety Center for the purpose of the clearly established prong.  Plaintiff's claims against Duggan and Williams are **not** that they arrested Mr. Givens without probable cause, i.e. false arrest.  Her claims, on behalf of the Estate, are **not** that officers used excessive force under the Fourteenth Amendment to make the arrest.  Rather, Plaintiff essentially alleges that they, as officers, made a constitutionally valid arrest but, in deciding to do so, *ipso facto* denied medical care to a person with mental health needs, by way of the officers following the typical process for effectuating an arrest and then transferring custody of the arrestee to the proper detention center after the arrest.

The law is certainly not clearly established that law enforcement officers cannot decide upon and effectuate an arrest under similar conditions.  Plaintiff's claims in this

6

respect sound in a negligence-like realm of retroactively impugning the *discretion*[1] of a law enforcement officer for going forward with making an arrest, upon probable cause, rather than electing to forego the arrest for some *other* cause or consideration than what are part of the probable cause calculus for the crime at issue.  This is new territory.  The law was not clearly established in this respect on January 8, 2019 when Duggan was arresting and transporting Mr. Givens.

Even taking Plaintiff's testimony as accepted for the purpose of this Motion, there was no clearly established law that would have informed Jake Duggan or Korbin Williams, upon witnessing Mr. Given's actions of assaulting an officer that night, that arresting him and following the usual process to then book him into jail would violate Mr. Given's constitutional rights.  "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines."  *Crow v. Montgomery*, 403 F.3d at 602.  There was no bright line that would have been apparent to any reasonable officer in this particular scenario.  Plaintiff cannot carry his burden to show a violation of a clearly established constitutional right by Defendants Williams and Duggan in the particular situation they both confronted, as is required.

---

[1] It is well-established civil rights claims are to be prevented from sagging into negligence theories, as Section 1983 is not to become a font of tort law, *Paul v. Davis,* 424 U.S. 693, 701 (1976); *Daniels v. Williams*, 747 U.S. 327, 332 (1986).  *Verdecia v. Adams*, 327 F.3d 1171 (10th Cir. 2003) states, "The implication of this statement is that [the defendant] could be held liable if a jury concludes his conclusion or response was unreasonable.  However, finding of unreasonableness is merely a finding of negligence and not deliberate indifference. Deliberate indifference requires more than a finding of negligence."  Deliberate indifference is a higher standard than negligence or even gross negligence. *Berry v. City of Muskogee*, 900 F.2d 1489, 1494 (10th Cir. 1990).

## II.     THE POLICIES OF QUALIFIED IMMUNITY FAVOR EARLY RESOLUTION AT THIS POINT IN THE LITIGATION

It is well-established that qualified immunity invokes special protection from the law. Qualified immunity is an entitlement not to stand trial or face the burdens of litigation. It is immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 527, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). Qualified immunity is effectively lost if the case is erroneously permitted to go to trial. *Hannula v. City of Lakewood,* 907 F.2d 129, 130 (10th Cir. 1990). Speaking to the qualified immunity framework, *Medina v. Crum*, 252 F.3d 1124, 1128 (10th Cir. 2001) states, "This two-step analysis 'is designed to 'spare a defendant not only unwarranted liability, but **unwarranted demands customarily imposed** upon those defending a long drawn-out lawsuit.''" (quoting *Wilson v. Layne*, 526 U.S. at 609, 119 S.Ct. 1692, which quotes *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789 (1991)(emphasis added). "Consequently, courts should resolve the 'purely legal question'… raised by a qualified immunity defense 'at the earliest possible stage in litigation,'" *Medina* counsels. (citing *Siegert, supra*, and *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)). Addressing these Defendants' qualified immunity arguments at this stage, though early, is proper and warranted here.

Indeed, most courts stay discovery when this defense is interposed. See *Martin v. City of Albuquerque*, 219 F.Supp.3d 1081, 1085 (D. N.M. 2015)   ("Martin 'concedes that the Tenth Circuit has directed us in most civil rights cases to stay discovery once a defendant invokes qualified immunity as a defense.'")  Whether asserted before or after discovery, courts are mindful of the law's protection for litigants with qualified immunity defenses.

8

*Castaneda v. City of Albuquerque*, CIV 14-0103, 2015 WL 13651109 at *4 (D. N.M. Dec. 23, 2015) provides:

> That Defendants did not move for a stay before the close of discovery does not mean they 'lost the right to be protected **from the burdens of litigation**....'' *Herrera*, 2012 WL 6846393, at *7. '[T]he policy behind qualified immunity is to protect government employees from suit where they were acting within the constitutional bounds of their official authority.'…(citing *Harlow*, 457 U.S. at 807) (noting that qualified immunity reflects 'the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority'). "As the Tenth Circuit has noted, 'if qualified immunity is to mean anything, it must mean that public employees who are just doing their jobs are generally immune from suit.'…Whether Defendants sought such protection 'earlier or later in the case does not lessen the fact that the **law provides that protection when they seek it**…Without a stay, the parties will need to prepare for trial, spending **time and energy that may be unnecessary** if Defendants' summary judgment motion is granted.

(emphasis added) (some internal citations omitted).  Defendants are entitled to a determination on this legal question before having to proceed through the entire gamut of pretrial filings and events, which are costly in time and resources. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) states, "*Harlow* thus recognized an entitlement **not to stand trial or face the other burdens of litigation**, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains **violated clearly established law**." (emphasis added)(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982)). This rationale applies well here and militates for the Court to decide the qualified immunity issue- specifically clearly established law-- at this juncture.

Here, Defendants anticipate various advancing arguments for both prongs of the qualified immunity test at the summary judgment stage after discovery. However, <u>at this stage</u>, Defendants rely on the second, clearly established aspect, *supra.*   Even taking

9

Plaintiff's allegations in the Amended Complaint as true, the alleged actions of Defendants, as law enforcement officers, do not violate clearly established law as of January 8, 2019. Hence, Plaintiff fails to carry her burden on the governing two-part test, and Defendants are entitled to qualified immunity.

WHEREFORE, foregoing premises considered, Defendants Williams and Duggan are entitled to Qualified Immunity and thus dismissal from this action. Accordingly, Defendants respectfully requests that the Court dismiss all of Plaintiff's claims against them in this matter.

Respectfully submitted,

s/Carson C. Smith
Carson C. Smith, OBA #22303
Robert S. Lafferrandre, OBA #11897
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis Avenue
Oklahoma City, OK 73106
Telephone: (405)235-1611
Facsimile: (405)235-2304
csmith@piercecouch.com
rlafferrandre@piercecouch.com
***Attorneys for Defendants Jake Duggan
And Korbin Williams, in their official
and individual capacities***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Ronald "Skip" Kelly        kellyron01@yahoo.com
Chanda R. Graham       ChandaGPLLC@gmail.com
Kevin R. Kemper         kemperlawoffice@gmail.com
Wellon B. Poe, Jr.         wbp@czwlaw.com

                                            s/Carson C. Smith
                                            Carson C. Smith