# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

EVA KOPADDY, as Personal Representative )
of the Estate of RONALD GIVEN, deceased, )
                                          )

                Plaintiff,      )

v.                                  )      Case No. CIV-20-1280-G

                                  )

POTTAWATOMIE COUNTY PUBLIC )
SAFETY CENTER, *et al.* )
                                  )

              Defendant.   )

---

## MOTION TO DISMISS AND BRIEF IN SUPPORT OF DEFENDANT WILSON

---

Robert S. Lafferrandre, OBA No. 11897
Carson C. Smith, OBA No. 22303
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone:   (405) 235-1611
Facsimile: (405) 235-2904
**Attorneys for Defendants Jake Duggan**
**Korbin Williams, and Mason Wilson in**
**their official and individual capacities**

April 14, 2021

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................. ii

ARGUMENT AND AUTHORITY ..................................................................... 1

  A. STANDARD FOR PLEADING ............................................................. 1

  B. PLAINTIFF HAS NOT PLED SUFFICIENT FACTS TO ESTABLISH A
     REMEDY UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT WILSON,
     INDIVIDUALLY ................................................................................. 2

       1. PLAINTIFF HAS FAILED TO ALLEGE PERSONAL PARTICIPATION
          ON THE PART OF DEFENDANT WILSON ............................................. 2

       2. DEFENDANT WILSON IS ENTITLED TO QUALIFIED IMMUNITY ... 5

  C. PLAINTIFF HAS NOT PLED SUFFICIENT FACTS TO ESTABLISH A
     REMEDY UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT WILSON IN
     HIS OFFICIAL CAPACITY ....................................................................... 8

       1. NO UNDERLYING CONSTITUTIONAL VIOLATION .......................... 9

       2. NO IDENTIFIED POLICY, PRACTICE, OR CUSTOM ........................ 10

       3. SINGLE INCIDENTS ARE INSUFFICIENT TO ALLEGE FAILURE TO
          TRAIN ................................................................................................. 12

## TABLE OF AUTHORITIES

Page(s)

Cases

A*podaca v. Rio Arriba County Sheriff's Dept.*,
    905 F.2d 1445 (10th Cir. 1990) ..................................................................... 9
*Ashcroft v. al-Kidd*,
    563 U.S. 731 .............................................................................................. 7, 8
*Barney v. Pulsipher*,
    143 F.3d 1299 ............................................................................................ 8, 14
*Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*,
    520 U.S. 397 (1997) ........................................................................ 10, 11, 12, 13
*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................... 1, 2
*Brandon v. Holt*,
    469 U.S. 464 (1985) ...................................................................................... 8
*Butler v. City of Norman*,
    992 F.2d 1053 (10th Cir. 1993) ................................................................... 13
*Case v. West Las Vegas Indep. Sch. Dist.*,
    473 F.3d 1323 (10th Cir. 2007) ..................................................................... 5
*City of Canton v. Harris*,
    489 U.S. 378 (1989) ......................................................................... 10, 12, 13, 14
*City of Los Angeles v. Heller*,
    475 U.S. 796 (1986) ...................................................................................... 9
*City of Oklahoma City v. Tuttle*,
    471 U.S. 808 (1985) ..................................................................................... 10
*Clark v. Edmunds*,
    513 F.3d 1219 (10th Cir. 2008) ..................................................................... 6
*Cordova v. Aragon*,
    569 F.3d 1183 (10th Cir. 2009) ..................................................................... 9
*Crow v. Montgomery*,
    403 F.3d ...................................................................................................... 6
*Fisher v. Harden*,
    398 F.3d 837 (6th Cir. 2005) ....................................................................... 14
*Gomes v. Wood*,
    451 F.3d 1122 (10th Cir. 2006) ..................................................................... 6
*Gross v. Pirtle*,
    245 F.3d 1151 (10th Cir. 2001) ..................................................................... 5
*Hall v. Bellmon*,
    935 F.2d 1106 (10th Cir. 1991) ..................................................................... 1
*Haugen v. Brosseau*,
    543 U.S. 194 (2004) ...................................................................................... 8

*Hinton v. City of Elwood*,
  997 F.2d 774 (10th Cir. 1993) ................................................................ 10

*Jenkins v. Wood*,
  81 F.3d 988 (10th Cir. 1996) .................................................... 2, 3, 13, 14

*Lewis v. Casey*,
  518 U.S. 343, (1996) ................................................................................ 2

*Malley v. Briggs*,
  475 U.S. 335 (1986) ................................................................................. 5

*Mann v. Yarnell*,
  497 F.3d 822 (8th Cir. 2007) .................................................................. 14

*Medina v. City and County of Denver*,
  960 F.2d 1493 (10th Cir. 1992) ............................................................... 6

*Mitchell v. Forsyth*,
  472 U.S. 511 (1985) ................................................................................. 5

*Monell v. Dep't of Soc. Servs. of City of New York*,
  436 U.S. 658 ......................................................................................... 8, 11

*Moss v. Kopp*,
  559 F.3d 1155 (10th Cir 2009) ................................................................ 9

*Mullenix v. Luna*,
  136 S.Ct. 305 (2015) .............................................................................. 7, 8

*Murrell v. School Dist. No. 1, Denver, Colo.*,
  186 F. 3d 1238 (10th Cir. 1999) .............................................................. 3

*Myers v. Oklahoma County Bd. of County Com'rs*,
  151 F.3d 1313 ....................................................................................... 8, 9

*Novitsky v. City of Aurora*,
  491 F.3d 1244 (10th Cir. 2007) ............................................................... 3

*Olsen v. Layton Hills Mall*,
  312 F.3d 1304 (10th Cir. 2002) ............................................................. 14

*Pembaur v. Cincinnati*,
  475 U.S. 469 (1986) .............................................................................. 11

*Perry v. Durborow*,
  892 F.3d 1116 (10th Cir. 2018) ............................................................... 7

*Plinton v. County of Smmit*,
  540 P.3d 459, 464 (6th Cir. 2008) (6th Cir. 2008) ................................ 14

*Plumhoff v. Rickard*,
  134 S. Ct. 2012 (2014) ............................................................................. 6

*Ridge at Red Hawk, L.L.C. v. Schneider*,
  493 F.3d 1174 (10th Cir. 2007) ............................................................... 2

*Robbins v. Oklahoma*,
  519 F.3d 1242 (10th Cir. 2008) ............................................................... 1

*Ruark v. Solano*,
  928 F.2d 947 (10th Cir. 1991) ................................................................. 2

iii

*Sanders-Burns v. City of Plano*,
578 F.3d 279 (5th Cir. 2009) ........................................................................9

*Saucier v. Katz*,
533 U.S. 194 (2001) ........................................................................................5

*Schneider v. City of Grand Junction Police Dept.*,
717 F.3d 760 (10th Cir. 2013) ................................................................9, 11

*Schwartz v. Booker*,
702 F.3d 573 (10th Cir. 2012) ........................................................................5

*Slater v. A.G. Edwards & Sons, Inc.*,
719 F.3d 1190 (10th Cir. 2013) ......................................................................1

*Snell v. Tunnell*,
920 F.2d 673 (10th Cir. 1990) ........................................................................2

*Starrett v. Wadley*,
876 F.2d 808 (10th Cir. 1989) ........................................................................8

*Stoot v. City of Everett*,
582 F.3d 910 (9th Cir. 2009) ..........................................................................9

*Swain v. Spinney*,
117 F.3d 1 (1st Cir. 1997) ...............................................................................6

*Toevs v. Reid*,
646 F. 3d 752 (10th Cir. 2011) .......................................................................5

*Ton Services, Inc. v. Qwest Corp.*,
493 F.3d 1225 (10th Cir. 2007) ......................................................................2

*Waller v. City & Cty. of Denver*,
932 F.3d 1277 (10th Cir. 2019) ....................................................................11

*Watson v. City of Kansas City*,
857 F.2d 690 (10th Cir. 1988) ....................................................................8, 9

*White v. City of Oklahoma City*,
2008 WL 11422119 (W.D. Okla. Dec. 8, 2008) .............................................9

*Wilson v. Falk*,
877 F.3d 1204 (10th Cir. 2017) ......................................................................5

*Wilson v. Northcutt*,
441 F.3d 586 (8th Cir. 2006) ..........................................................................2

*Woodward v. City of Worland*,
977 F. 2d 1392 (10th Cir. 1992) .....................................................................3

Statutes

42 U.S.C. § 1983 ..................................................................................................2

Rules

Fed. R. Civ. P. 8(a)(2) .........................................................................................1
Fed. R. Civ. P. 12(b)(6) .......................................................................................1

iv

**<u>MOTION TO DISMISS AND BRIEF IN SUPPORT</u>**
**<u>OF DEFENDANT WILSON</u>**

COMES NOW Defendant Mason Wilson, in his individual and official capacities (hereinafter "Defendant" or "Wilson"), and hereby moves the Court to dismiss all of Plaintiff's claims against him in Plaintiff's Amended Complaint [Doc. 18]. For the reasons stated herein, Defendant Mason Wilson, in both his individual and official capacities, is entitled to dismissal as a matter of law as Plaintiff has failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## <u>ARGUMENT AND AUTHORITY</u>

### A.   STANDARD FOR PLEADING

In analyzing the sufficiency of Plaintiff's Amended Complaint, "the court need accept as true only plaintiff's well-pleaded factual contentions, not [her] conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). FED. R. CIV. P. 8(A)(2) requires that a pleader provide "a short and plain statement of the claim showing…entitle[ment] to relief." The required "short and plain statement" must provide "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative level." *Id.* It is the plaintiff's duty to allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570; *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Following *Twombly,* the Tenth Circuit affirmed that a Complaint must contain sufficient factual allegations to put a defendant on fair notice of what he or she is alleged to have done that constitutes a claim under substantive law. *See Ton Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007) (noting that *Twombly* "articulated a new 'plausibility' standard under which a Complaint must include 'enough facts to state a claim to relief that is plausible on its face.'"); *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (noting *Twombly's* observation that the previous standard of evaluating motions to dismiss in federal court "has earned its retirement").

In actions brought under 42 U.S.C. § 1983, such as the present one, liability for damages for a constitutional tort under 42 U.S.C. § 1983 is personal, so each defendant's conduct must be independently assessed. *Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006).

**B. PLAINTIFF HAS NOT PLED SUFFICIENT FACTS TO ESTABLISH A REMEDY UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT WILSON, INDIVIDUALLY**

**1. PLAINTIFF HAS FAILED TO ALLEGE PERSONAL PARTICIPATION ON THE PART OF DEFENDANT WILSON**

To show a constitutional violation by Defendant Wilson in his individual capacity under § 1983, Plaintiff "must establish [Defendant Wilson] acted under color of state law and caused or contributed to the alleged violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (citing *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991), overruled on other grounds, *Lewis v. Casey*, 518 U.S. 343, (1996)); *see also Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990). In order for liability to arise under § 1983, **a defendant's direct**

2

**personal responsibility for the claimed deprivation of a constitutional right must be established**. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007) (police officer who was present at scene but who did not assist or direct other officer in removing arrestee from vehicle did not violate Fourth Amendment; he did not "personally participate" in the use of the twist-lock restraint). Accordingly, Plaintiff must demonstrate "a deliberate, intentional act" by [Defendant Wilson] to violate constitutional rights." *Id*. at 994-95. Furthermore, "'liability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant and not upon mere negligence.'" *Murrell v. School Dist. No. 1, Denver, Colo.*, 186 F. 3d 1238, 1250 (10th Cir. 1999) (citing *Woodward v. City of Worland*, 977 F. 2d 1392, 1399 (10th Cir. 1992)).

Here, Plaintiff's Amended Complaint is devoid of any fact or allegation to show that Defendant Wilson directly participated in the alleged violation of Plaintiff's constitutional rights. The only specific references made by Plaintiff to this Defendant are as follows:

1.  "Defendant, Mason Wilson, is and has been at all times pertinent to this action, the Chief of Police of the Shawnee Police Department ("SPD"), and is responsible for the operation of the SPD. Chief Wilson is being sued in both his individual capacity and in his official capacity for acts performed while he was Chief of Police of the SPD. Chief Wilson is being sued in his individual and official capacity for violation of Mr. Given's rights under the Eighth and Fourteenth Amendments. Chief Wilson, as head of SPD at all times relevant hereto was responsible for ensuring the safety and well-being of arrestees detained and in the custody of SPD including, as in the instant case, the provision of appropriate medical care and treatment to arrestees and detainees in need of such care. The Defendant, Chief Mason Wilson is, and was all times pertinent hereto, responsible for creating, adopting, approving, ratifying and enforcing the rules, regulations, policies, practices, procedures, and/or customs of the SPD." [Doc. 18, ¶ 9];

2. "Defendants deliberate indifference to Mr. Given's serious mental health issues both during his arrest and detention were in furtherance of and consistent with: (a) policies which Shawnee Police Department…promulgated, created, implemented or possessed responsibility for the continued operation of; (b) policies which Shawnee Police Department…had responsibility for implementing and which Chief Mason Wilson…assisted in developing; and (c) established procedures, customs and/or patters and practices." [Doc. 18, ¶ 38];

3. "Defendants…Wilson failed to promulgate and implement and knowingly failed to enforce, adequate mental health policies responsive to the serious medical needs of arrestees/detainees/inmates like Mr. Given. In particular, during all times pertinent, there were no guidelines, or wholly inadequate guidelines, in place as to the standard of care specific to arrestees/detainees/inmates mental health needs. Additionally, to the extent there where [sic] policies or guidelines in place, due to inadequate training,…SPD…personnel failed to provide the standard of care required to ensure the health and safety of arrestees/detainees/inmates in their custody and/or control. This failure to train constitutes deliberate indifference to the health and safety of arrestees/detainees/inmates like Mr. Given." [Doc. 18, ¶ 39];

4. "The unconstitutional acts of the aforementioned Defendants are a direct and proximate result of policies, practices, and/or customs developed, implemented, maintained, and enforced by Defendants…Wilson." [Doc. 18, ¶ 48];

5. "Defendants…Wilson had a duty to establish training requirements to comply with state and federal standards. Defendants…Wilson are also responsible for the administration and supervisory control involving the operations of SPD….Defendants…Wilson are also responsible for (a) ensuring that appropriate disciplinary actions are taken in compliance with established procedures, (b) ensuring that an arrestee's/detainee's/inmate's medical needs were met and were in compliance with established policies, practices and customs; and (c) reviewing and approving all incident reports and forwarding accurate and completed reports to the Sheriff and City Commission with appropriate recommendations. However…Wilson…failed to recognize the unconstitutionality of the actions of any of [his] employees concerning the death of Mr. Given." [Doc. 18, ¶ 61];

These allegations contain nothing more than threadbare recitals and fail to sufficiently allege personal participation by Defendant Wilson. As such, Plaintiff has failed to state a plausible § 1983 claim that Defendant Wilson, in his individual capacity, violated Mr. Given's constitutional rights and he is entitled to dismissal as a matter of law.

4

## 2. DEFENDANT WILSON IS ENTITLED TO QUALIFIED IMMUNITY

Even if Plaintiff's Amended Complaint properly stated a claim, Defendant Wilson, individually, is entitled to qualified immunity. In civil rights actions seeking damages against governmental officials, "courts recognize the affirmative defense of qualified immunity, which protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Gross v. Pirtle*, 245 F.3d 1151, 1155 (10th Cir. 2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Qualified immunity protects public officials from individual liability in Section 1983 claims and is "an entitlement to not stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Qualified immunity is more than a defense to liability: it is immunity from suit that is effectively lost if a case is erroneously permitted to go to trial. *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).

It has long been the law that once a defendant asserts a qualified immunity defense in a dispositive motion, the responsibility shifts to the plaintiff to "meet a 'heavy two-part burden.'" *Case v. West Las Vegas Indep. Sch. Dist.*, 473 F.3d 1323 (10th Cir. 2007). "[T]o avoid judgment for the defendant based on qualified immunity, the plaintiff must show that the defendant's actions violated a specific statutory or constitutional right, and that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue." *Toevs v. Reid*, 646 F. 3d 752, 755 (10th Cir. 2011) (emphasis added). *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017) states:

'If, and **only if**, the **plaintiff meets** this two-part test does a defendant then bear the traditional burden of the movant for summary judgment—showing that there

are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'

(emphasis added) (quoting *Clark v. Edmunds*, 513 F.3d 1219, 1222 (10th Cir. 2008)).

Officers are protected in "close cases" by the doctrine of qualified immunity, which serves to protect law enforcement officers from the chilling threat of liability. *Swain v. Spinney*, 117 F.3d 1, 10 (1st Cir. 1997). Generally, there must be a Supreme Court or Tenth Circuit decision on point, or a clearly established weight of authority from other courts for the law to be clearly established. *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).

An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was "clearly established." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014). A Defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable officer in the defendant's shoes would have understood that he was violating it. *Id.* "In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate" and "[the Supreme Court] has repeatedly told courts…not to define clearly established law at a **high level of generality** since doing so avoid the crucial question whether the official acted reasonably in the **particular circumstances that he or she faced**." *Id.* (emphasis added). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Crow v. Montgomery*, 403 F.3d at 602. *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006) states, "The law is clearly established if a reasonable official in the defendant's

circumstances would understand that her conduct violated the plaintiff's constitutional right." See also *Perry v. Durborow*, 892 F.3d 1116, 1123 (10th Cir. 2018) ("Perry must identify a case where an official acting under similar circumstances as [Defendant] was held to have violated the Constitution.")

In the present case, Plaintiff cannot meet either prong of the qualified immunity analysis. First, as demonstrated above, Plaintiff has not identified that Defendant Wilson had any personal participation in the alleged constitutional violation. As Plaintiff cannot show that Defendant Wilson's actions violated a specific statutory or constitutional right, Defendant Wilson is entitled to qualified immunity.

Additionally, even if Plaintiff had stated a claim for the underlying constitutional violation, Plaintiff cannot point to any clearly established law that would have put Defendant on notice that his actions had or would violate Plaintiff's civil rights. Recently, the United States Supreme Court has emphasized that the "clearly established law" inquiry is not meant to be an exercise in generalities or principles.  Instead, the analysis must be disciplined to the particular facts at issue, from the vantage point of the officer whose actions are under review. *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) states "We have repeatedly told courts … not to define clearly established law at a high level of generality." (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 742).  In *Mullenix*, a police officer used deadly force and shot at a fleeing felon from an overpass as the suspect approached. The district court denied qualified immunity because a police officer may not use deadly force when there is a fleeing felon who does not pose a sufficient threat of harm to the officer or others. See *Mullenix*, 136 S.Ct. at 308-09. The *Mullenix* Court was quick to note that this was not

7

the appropriate inquiry. Rather, the correct question was "whether it was clearly established that he Fourth Amendment prohibited the officer's conduct **in the** '**situation [she] confronted**': whether to shoot a disturbed felon, set on avoiding capture through vehicular flight, when persons in the immediate area are at risk from that flight.' (citing *Haugen v. Brosseau*, 543 U.S. 194, 199-2000 (2004)(emphasis added)). The Supreme Court emphasized "[t]he dispositive question is 'whether the violative nature of **particular conduct** is clearly established.'" *Mullenix*, at 307 (quoting *Al-Kidd*, 563 U.S. at 742) (emphasis added).

For these reasons, Defendant Wilson is entitled to qualified immunity and dismissal as a matter of law.

## C. PLAINTIFF HAS NOT PLED SUFFICIENT FACTS TO ESTABLISH A REMEDY UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT WILSON IN HIS OFFICIAL CAPACITY

Plaintiff has sued Defendant in his official capacity as the Chief of Police of the City of Shawnee. A suit against a government officer in his or her "official capacity" is the same as a suit against the entity that the officer represents, and is an attempt to impose liability upon that entity. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 n. 4 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n. 55 (1978)); *Starrett v. Wadley*, 876 F.2d 808, 813 (10th Cir. 1989); *see also Myers v. Oklahoma County Bd. of County Com'rs*, 151 F.3d 1313, 1316 n. 2 (10th Cir. 1998) quoting *Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)).

"**[A] governmental entity may not be held liable** for constitutional violations **where there is no underlying constitutional violation** by any of its officers." *White v. City of Oklahoma City*, CIV-07-696-R, 2008 WL 11422119, at *3 (W.D. Okla. Dec. 8, 2008) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986))(emphasis added); *see also* A*podaca v. Rio Arriba County Sheriff's Dept.*, 905 F.2d 1445, 1447-48 (10th Cir. 1990); *Watson v. City of Kansas City*, 857 F.2d 690, 697 (10th Cir. 1988) ); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316 (10th Cir. 1998). Municipalities are not liable under § 1983 for constitutional violations committed by municipal employees unless those violations result directly from an unconstitutional municipal custom or policy. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-70 (10th Cir. 2013); *Cordova v. Aragon*, 569 F.3d 1183, 1193-94 (10th Cir. 2009); *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009); *Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir 2009); *Stoot v. City of Everett*, 582 F.3d 910, 929 (9th Cir. 2009).

Thus, to state a claim for municipal liability against Defendant Wilson, officially, Plaintiff must allege facts sufficient to demonstrate (1) a violation of his constitutional rights occurred; and (2) the municipality's policy, practice, or custom was a moving force behind the violation.

### 1. NO UNDERLYING CONSTITUTIONAL VIOLATION

As demonstrated in the Motion to Dismiss filed by Shawnee Police Department Officers Duggan and Williams [Doc. 23], Plaintiff's sole claim against the Shawnee Police Department defendants arises out of a constitutionally valid arrest. Somehow, by way of officers following the typical process for effectuating a valid arrest and transferring custody

of the arrestee, Plaintiff alleges that the Shawnee police officers denied medical care to a person with mental health needs pursuant to policy, procedure, customs and/or patterns and practices. As the law was not clearly established that these officers could not effectuate an arrest under similar conditions, Plaintiff cannot establish an underlying constitutional violation, the claims against Defendant Wilson in his official capacity must be dismissed as a matter of law.

### 2.  NO IDENTIFIED POLICY, PRACTICE, OR CUSTOM

*Assuming arguendo* that Plaintiff stated a claim for the underlying constitutional violation by the officers, Plaintiff has not pled sufficient facts to establish claims against Defendant Wilson in his official capacity. Defendant Wilson may not be held liable simply because he "employs a tortfeasor." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). "That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation." *Id.* at 406-07. Rather, *Monell* requires Plaintiff to establish that a policy or custom of the Shawnee Police Department exists and that it caused the alleged constitutional violations. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821-22 (1985); *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) (plaintiff must show that there is a direct causal link between the policy or custom and the injury alleged).

To establish such claims, Plaintiff has the burden to establish (1) the existence of a municipal policy or custom by which the plaintiff was denied a constitutional right; and (2) a direct causal link between the policy or custom and the injury alleged. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 694-95 (1978); *Waller v. City &*

*Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019).

Furthermore, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. *Brown*, 520 U.S. at 408. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "**moving force**" behind the injury alleged.  *Id*. (emphasis added). Furthermore, "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id*. at 405; see also *Waller*, 932 F.3d at 1284. Plaintiff has failed to do so.

In *Monell*, the Supreme Court held that a governmental entity is only liable under § 1983 when the constitutional injury can fairly be said to have been caused by that entity's own policies and customs. *Id*. at 694. **The actions of the governmental entity must be the moving force behind the constitutional violation**. *Id*. (emphasis added). The Supreme Court has held that governmental liability for a constitutional violation "**attaches where - and only where** - **the entity makes a *deliberate choice*** to follow a course of action from among various alternatives." *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986) (emphasis added).

To state a plausible claim for relief, he Amended Complaint must identify a Shawnee Police Department policy, that it was the "moving force" behind Mr. Givens' alleged harm, and that the Shawnee Police Department acted with deliberate indifference to the constitutionally impermissible consequences of its policy or custom. *See Schneider*, 717 F.3d at 769-71; see also *Board of County Commr's v. Brown*, 520 U.S. 397, 405 (1997)

11

(In instances where the municipality is implicated only indirectly by the alleged wrongful behavior of its employees, "a showing of simple or even heightened negligence will not suffice."). The phrase "moving force" has been interpreted to mean that a plaintiff must show a "direct causal link" between the policy or custom and the alleged violation. *Harris*, 489 U.S. at 385 (1989). Courts describe this causation requirement as "stringent" and demand that lower courts "carefully test the link between [the alleged policy or custom] and the particular injury alleged. *Brown*, 520 U.S. at 410.

Here, Plaintiff in this case does not identify a specific policy or custom of the Shawnee Police Department, as is required to state a claim for municipal liability under § 1983. Plaintiff only alleges generically that Mr. Givens' constitutional rights were violated, but wholly fails to establish how the Shawnee Police Department had a policy that *caused* such a violation. The generic claims that the deliberate indifference to Mr. Givens' medical needs were caused by the policies and/or absence of policies of the Shawnee Police Department are insufficient to meet the standards required by *Twombly*, *Iqbal*, and federal law. Accordingly, Defendant Wilson, in his official capacity, is entitled to dismissal as a matter of law.

### 3.  SINGLE INCIDENTS ARE INSUFFICIENT TO ALLEGE FAILURE TO TRAIN

Plaintiff also alleges "[d]uring all times pertinent, there were no guidelines, or wholly inadequate guidelines, in place as to the standard of care specific to arrestees/detainees/inmates mental health needs." [Doc. 18, ¶ 39]. Even when the plaintiff asserts the alleged custom or policy comprised a *failure to act*, he or she must demonstrate

the municipality's inaction resulted from "deliberate indifference to the rights" of the plaintiff. *Jenkins*, 81 F.3d at 994 (10th Cir. 1996) (citing *Harris*, 489 U.S. at 389). That is, as stated above, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cty. Comm'rs of Bryan Cty.*, 520 U.S. at 404. As the Amended Complaint is devoid of any facts to support the allegation that the Defendant Wilson maintained a policy or custom, and alternatively, failed to provide adequate policy or custom, that deprived Mr. Graham of his constitutional rights, the § 1983 claim against the Defendant Wilson must be dismissed.

Alternatively, Plaintiff alleges that "to the extent there where [sic] policies or guidelines in place, due to inadequate training, [] SPD…failed to provide the standard of care required to ensure the health and safety of arrestees/detainees/inmates in their custody and/or control." [Doc. 18, ¶ 39]. On a failure to train claim, Plaintiff must:

> [p]rove '**the need fo**r more or different **training is <u>so obvious</u>**, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need' for additional training.

*Jenkins*, 81 F.3d at 994 (10th Cir. 1996) (citing *Harris*, 489 U.S. at 390) (emphasis added). "Ordinarily, '[p]roof of **a single incident** of unconstitutional activity **is not sufficient** to impose [municipal] liability.'" *Id.* (citing *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993)) (emphasis added).

Plaintiff must allege that there were specific facts available to the policymakers put them on actual or constructive notice that acts or omissions by its officers were

13

substantially certain to cause a violation of rights. *Harris*, 489 U.S. at 396 (1989). Further, the "plaintiff must show *prior instances* of unconstitutional conduct demonstrating that the [municipality] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Plinton v. County of Smmit*, 540 P.3d 459, 464 (6th Cir. 2008), quoting *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005); *Mann v. Yarnell*, 497 F.3d 822, 827-28 (8th Cir. 2007); *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1328 (10th Cir. 2002).see also *Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998); *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

As demonstrated *infra*, Plaintiff's Amended Complaint fails to demonstrate any specific policy or practice of the Shawnee Police Department that was the moving force behind the alleged violation of Mr. Givens' rights, much less any prior instance or history of violations stemming from policy, practice, or custom. Plaintiff's generic accusations of amorphous and ill-defined "policies, practices, and/or customs developed, implemented, maintained, and enforced" by Defendant Wilson [Doc. 18, ¶¶ 38-39, 48, 55] are simply not enough to state specific facts showing a plausible claim for relief.

Because Plaintiff has failed to sufficiently specify a policy or custom that caused a violation of Mr. Givens' rights, or a pattern of prior unconstitutional incidents that put policymakers on notice of a deficient policy, Plaintiff has not stated a claim for municipal liability. As such, the claim of § 1983 against the Defendant Wilson, in his official capacity, should be dismissed for failure to state a claim upon which relief may be granted.

WHEREFORE, foregoing premises considered, Defendant Mason Wilson is entitled to dismissal from this action in both his individual and official capacities. Accordingly,

Defendant respectfully requests that the Court dismiss all of Plaintiff's claims against him in this matter.

Respectfully submitted,

s/Carson C. Smith
Robert S. Lafferrandre, OBA #11897
Carson C. Smith, OBA #22303
PIERCE COUCH HENDRICKSON
   BAYSINGER & GREEN, L.L.P.
1109 N. Francis Avenue
Oklahoma City, OK 73106
Telephone: (405)235-1611
Facsimile: (405)235-2304
rlafferrandre@piercecouch.com
csmith@piercecouch.com
**_Attorneys for Defendants Jake Duggan
Korbin Williams, and Mason Wilson in
their official and individual capacities_**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 14th day of April, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Ronald "Skip" Kelly | kellyron01@yahoo.com |
| Chanda R. Graham | ChandaGPLLC@gmail.com |
| Kevin R. Kemper | kemperlawoffice@gmail.com |
| Wellon B. Poe, Jr. | wbp@czwlaw.com |

<u>s/Carson C. Smith</u>

  Carson C. Smith