## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | EVA GIVEN KOPADDY, AS ADMINISTRATOR FOR THE ESTATE OF RONALD GIVEN, Plaintiff, | ) ) ) ) ) |
| v. | | ) Case No. CIV-20-1280-G ) |
| (1) | POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER TRUST an Oklahoma Title 60 authority; | ) ) **JURY TRIAL DEMANDED** ) ) |
| (2) | BREONNA R. THOMPSON, individually and in her capacity as Executive Director of the Pottawatomie County Public Safety Center Trust; | ) ) ) ) ) |
| (3) | MASON WILSON, individually and in his capacity as the Chief of Police of the Shawnee Police Department; | ) ) ) ) |
| (4) | BRAD BANEY, individually and in his official capacity as Lieutenant of the Pottawatomie County Public Safety Center; | ) ) ) ) ) |
| (5) | KORBIN WILLIAMS, individually and in his official capacity as a law enforcement officer; | ) ) ) ) |
| (6) | JAKE DUGGAN, individually and in his/her official capacity as a law enforcement officer; | ) ) ) ) ) |
| (7-12) | JOHN/JANE DOES (1-6), unknown individuals who were involved but not yet identified, and in their individual capacity, Defendants. | ) ) ) ) |

## **OBJECTION TO DEFENDANTS DUGGAN'S AND WILLIAMS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

COMES NOW, Plaintiff, Eva Kopaddy, Administrator of the Estate of Ronald Given, by and through her counsel or record and objects to Defendants Duggan and Williams Motion to Dismiss and Brief in Support [Doc. 23]. Defendants are not entitled to qualified immunity because they deprived the decedent to his clearly established constitutional right to medical attention. In support of this objection, Plaintiff urges as follows:

Defendants Duggan and Williams, officers with the Shawnee Police Department, were assigned to watch the decedent at St. Anthony Hospital who had been placed on an Emergency Order of Detention for a mental health crisis. Earlier in the day, Shawnee Police Department had responded to a call from a local store where the decedent was displaying erratic behavior, requesting that store employees contact the police because someone was trying to kill him. [Doc. 18 at ¶ 19]. It was apparent to the responding officers that decedent was suffering from a medical condition as they had him transported to a hospital rather than jail. (Id. at ¶ 21). The emergency physician who examined the decedent determined that the decedent should immediately be admitted to a behavioral health center. Unfortunately, there were no beds available, so the decision was made to keep the decedent at St. Anthony hospital and have the police "sit on" him until he could be transported to a mental health facility. (Id.).

While decedent was awaiting transport to a mental health facility, he again began to exhibit erratic behavior and attempted to leave the hospital. (Id. at ¶ 22). The Defendants observed decedent sweating, chanting unintelligibly and pulling at his back. (Id.). He

asserted that he was fixing his back surgically, when asked. (Id.). He started undressing and attempted to leave the hospital room. Defendants told him he could not leave, and in his attempt to do so, decedent pushed Defendant Duggan's shoulder with his left hand. (Id.). Rather than handcuff him or ask the hospital for some other form of restraint while they continued to wait for transport to a mental health facility, Defendant Duggan immediately placed decedent under arrest and transported him to jail, despite being fully aware that decedent was in need of medical treatment. (Id.).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must allege specific facts that would support the conclusion that he is entitled to relief. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("[M]ere labels and conclusions . . . will not suffice.") (internal quotation marks omitted). Accepting all alleged facts as true, it is clear that Defendants deprived decedent of his clearly established constitutional right to medical treatment. *Donahue v. Wihongi*, 948 F.3d 1177, 1186 (10th Cir. 2020).

The government is obligated to provide medical treatment to those in its custody. *Garcia v. Sale Lake City*, 768 F.2d 303, 307 (10th Cir.1985). Defendants Duggan and Williams displayed deliberate indifference to decedent's need for medical attention when they arrested and jailed him despite the medical diagnosis for immediate treatment. *Estate of Hocker by Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994). After decedent pushed Duggan's shoulder as he attempted to act out his delusions, rather than contact medical staff to see if they could sedate decedent or take some other action to calm the decedent

during his observable mental health crisis, Defendants Duggan and Williams immediately arrested the decedent knowing full well he required medical attention. The reason they were even present at the hospital was to guard decedent and ensure he was transported to a mental health facility.

Plaintiff has alleged that the actions taken by Defendants Duggan and Williams were "sufficiently harmful to evidence deliberate indifference to [decedent's] medical needs." *McBride v. Deer*, 240 F. 3d 1287, 1289 (10th Cir. 2001). Rather than see to his well being and ensure he received the medical intervention he needed, they used decedent's expression of the delusions he was suffering, i.e. attempting to leave the hospital because someone was trying to kill him, to place him under arrest and take him to jail where he could not receive the attention he required. In addition, they apparently did not communicate to the jail that decedent was suffering a mental health crisis because Lt. Baney, who was supervising the jail at the time decedent was transported to the jail, asserted that decedent was intoxicated in his judicial request for decedent to be released from jail for medical treatment. [Doc. 18 at ¶ 27]. Rather than receive his prescribed treatment, decedent ended up dead as a result of Defendants Duggan and Williams deliberate indifference to his need for immediate medical intervention for his mental health crisis.

Plaintiff has alleged both objective and subjective facts that establish the defendants' deliberate indifference to the decedent's serious medical needs. It has been objectively established because it was after evaluation by a physician that a mental health intervention was prescribed. Upon evaluation, decedent was placed on an emergency order

of detention requiring admission to a mental health facility. A bed was not immediately available, so decedent was kept at St. Anthony under guard by Shawnee police. In addition, decedent's condition was so obvious to the police that originally arrived on scene in response to a call about decedent transported him to the hospital rather than jail.

From a subjective standpoint, Defendants Duggan and Williams were assigned to guard decedent while he awaited a bed in a mental health facility. As such, they were specifically aware that he was undergoing a mental health crisis. They also observed him in a delusional and erratic state. Despite what they knew, they arrested him, ironically enough, because of actions he took as a result of his medical condition and deprived him of the treatment a physician had already determined he needed.

Taking all Plaintiff's allegations as true, this Court should deny Defendants' Motion to Dismiss because Plaintiff has alleged facts sufficient to support that decedent was deprived of his clearly established constitutional right to medical treatment. Defendants were fully aware of decedent's diagnoses, the emergency order of detention, and observed for themselves his erratic and delusional behavior. Despite their actual knowledge, Defendants arrested decedent because of actions he took in furtherance of his delusional behavior, taking him to jail, rather than seeking assistance from medical personnel, and depriving him of the mental health intervention he so desperately needed. Upon information and belief they failed to communicate, or did not sufficiently communicate, decedent's condition to jail personnel, who assumed decedent was intoxicated.

Dated this 20th day of April, 2021.    Respectfully submitted,

                                                               CHANDA GRAHAM, PLLC
                                                               PO Box 7771
                                                                Edmond, OK  73083
                                                                Telephone: (405) 209-8980
                                                                Facsimile: (405) 302-0606
                                                                Email: ChandaGPLLC@gmail.com

                                                                /s *Chanda R. Graham*_____
                                                                Chanda R. Graham, OBA #17809

## CERTIFICATE OF SERVICE

I certify that on this 20th day of April 2021, I electronically transmitted the foregoing pleading to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Robert S. Lafferrante
Carson C. Smith
Pierce Couch Hendrickson Baysinger
& Green, LLP
1109 N. Francis Ave.
Oklahoma City, OK  73106
*Attorney for Defendants*
*Jake Duggan and Korbin Williams*

Wellon B. Poe
Collins Zorn & Wagner, PC
429 NE 50th Street, 2nd Floor
Oklahoma City, OK  73105
*Attorney for Defendants Brad Baney and*
*Pottawatomie County Public Safety Center*

                                                               /s *Chanda R. Graham*_____
                                                               Chanda R. Graham