IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

EVA KOPADDY, as Personal Representative )
of the Estate of RONALD GIVEN, deceased, )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )   Case No. CIV-20-1280-G
                                         )
POTTAWATOMIE COUNTY PUBLIC               )
SAFETY CENTER, *et al.*                  )
                                         )
                    Defendant.           )

**DEFENDANT WILSON'S REPLY TO
PLAINTIFF'S RESPONSE TO HIS MOTION TO DISMISS**

COMES NOW Defendant Mason Wilson, in his individual and official capacities (hereinafter "Defendant" or "Wilson"), and hereby submits his Reply to Plaintiff's Response to his Motion to Dismiss. The following brief is submitted in support.

**I.   PLAINTIFF'S RESPONSE AND COMPLAINT SHOWS NO PERSONAL PARTICIPATION OF WILSON FOR HER CLAIM AGAINST HIM, INDIVIDUALLY**

Plaintiff's Response largely tracks the tenor and content of her Complaint as to Wilson, individually. No actual facts are supplied that would ground any claim against him *individually*. Rather, Plaintiff's Response continually asserts Mr. Given was harmed "as a result of Defendant Wilson's failure to implement appropriate policies and training…" In this respect, Plaintiff appears to be pressing an official capacity claim but also tacking on an individual capacity one, *sans* any facts or even allegations to substantiate the latter.

1

It is well-established that supervisory liability does not attach in a general *respondeat superior* sense in Section 1983 actions. Plaintiff's Response reads, "Defendant Wilson's liability arises from his subordinates, Defendant Duggan and Williams, having violated decedent's constitutional rights." [Response, pg. 6]. In an individual capacity suit, "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). *Durkee v. Minor*, 841 F.3d 872, 876–77 (10th Cir. 2016) states, "Plaintiff's claim against Defendant Minor in his individual capacity amounts to a claim of direct supervisory liability." "To establish such liability," *Durkee* explains, "Plaintiff must show Defendant Minor's '*direct personal responsibility*' for the claimed deprivation of his Eighth Amendment right." (citing *Porro v. Barnes*, 624 F.3d 1322, 1327 (10th Cir. 2010)) (emphasis in original). Plaintiff does not approach this requirement. *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) states, "Personal liability 'under § 1983 **must be** based on personal involvement in the alleged constitutional violation.'" (emphasis added)(quoting *Foote,* 118 F.3d at 1423).

Here, Plaintiff fails to assert what Defendant Wilson himself allegedly did that *plausibly could have* constituted a constitutional violation. The Supreme Court in *Iqbal,* 556 U.S. at 676 stated, "[A] plaintiff must plead that each Government-official defendant, through the **official's own individual actions**, has violated the Constitution." (emphasis added). Plaintiff has not done so here. "As § 1983 liability for damages for a federal constitutional tort is personal, each defendant's conduct must be independently assessed,"

2

counsels *Davis v. White*, 794 F.3d 1008, 1013 (8th Cir. 2015). *Bryson v. Gonzales* 534 F.3d 1282 (10th Cir. 2008) states that, in Section 1983 cases with multiple Defendants, "it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom." There is nothing to assess here as to Wilson, individually, as no factual allegations exist in this respect. Defendant Wilson individually is entitled to dismissal from this matter.

## II.  PLAINTIFF'S RESPONSE TO BOTH MOTIONS TO DISMISS FAILS TO SHOW CLEARLY ESTABLISHED LAW, WARRANTING DISMISSAL ON QUALIFIED IMMUNITY GROUNDS

As with Plaintiff's Response to Defendant Williams and Duggan's Motion to Dismiss[1], Plaintiff does not carry her burden to set forth qualifying authority to *even arguably* show a clearly established law, keyed to the actions or circumstances facing Wilson in the circumstances with Mr. Given. This is fatal to her claim against Wilson in his individual capacity and of import to Plaintiff's municipal liability claim, being that there is no underlying violation of Plaintiff's clearly established constitutional rights.

Plaintiff's Response discusses the actions of Duggan and Williams and their alleged subjective awareness, but she does not address any alleged awareness of Wilson and how the law could have been clearly established as to Wilson's actions in the circumstances. The Tenth Circuit has clarified that the clearly established inquiry in supervisory situations must be disciplined <u>to the supervisor</u>, not merely to his or her subordinates or the underlying event. Analyzing the qualified immunity picture as to

---

[1] To the extent Wilson's argument in this regard tracks the qualified immunity arguments made by Co-Defendants, he incorporates by reference Defendants Duggan's and Williams's Reply as if fully set forth herein. Fed.R.Civ.P. 10(c).

3

Sheriff Durborow, *Perry v. Durborow*, 892 F.3d 1116, 1123-24 (10th Cir. 2018) states:

> To satisfy the second part of the qualified-immunity test in the context of Perry's supervisory-liability claim against Durborow, Perry must show that as of February 25, 2013, "clearly established law ... would ... have put a reasonable official in [Durborow's] position on notice that **his supervisory conduct** would" violate Perry's constitutional rights. Cox, 800 F.3d at 1247 (emphasis added).... [B]efore the district court could determine the law was clearly established, it had to "identify a case where an offic[ial] acting **under similar circumstances as [Durborow]** was held to have violated" the Eighth or Fourteenth Amendments **under a theory of supervisory liability**. Id.; see also *Cox*, 800 F.3d at 1247 (asking whether "clearly established law ... would ... have put a reasonable official in [defendant's] position on notice that **his supervisory conduct** would effect an Eighth Amendment violation").

(emphasis added). Plaintiff fails to identify valid clearly established law as to any Defendant, Duggan, Williams or Wilson.

### III. PLAINTIFF IDENTIFIES NO POLICY OR PRACTICE FOR A *MONELL* CLAIM NOR ANY FACTS THAT ARGUABLY CONNECT TO DELIBERATE INDIFFERENCE

Plaintiff identifies no specific policy or practice, but just generically asserts a failure in that area. For example, Plaintiff's Response reads, "These deprivations came as a direct result of Defendant Wilson's failures in policymaking and training." [Response, pgs. 6-7]. Similar articulations are found in the Complaint and Response. Using amorphous and stock legal language does not suffice under *Twombly* and progeny and does not mount a plausible claim.

Secondly, a claim against the City of Shawnee cannot lie without a claim against Duggan and Wilson being supported at this juncture. "[A] governmental entity may not be held liable for constitutional violations where there is no underlying constitutional violation by any of its officers." *White v. City of Oklahoma City*, CIV-07-696-R, 2008

4

WL 11422119, at *3 (W.D. Okla. Dec. 8,2008) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986))(emphasis added). Defendant Wilson again refers to the entitlement of Duggan and Wilson to qualified immunity, absent any clearly established law even remotely on point as to them and the circumstances.

Lastly, as noted in Wilson's Motion to Dismiss, Plaintiff has no allegations that would go to even speak to the <u>deliberate indifference</u> required to underpin any claim of a *failure* to adopt a policy or failure to train. Even when the plaintiff asserts the alleged custom or policy comprised a failure to act, he or she must demonstrate the municipality's inaction resulted from "deliberate indifference to the rights" of the plaintiff. *Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir. 1996). That is, "a plaintiff must show that the municipal action was taken with the **requisite degree of culpability** and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Commr's v. Brown*, 520 U.S. 397, 405 (1997)(emphasis added). "Ordinarily, '[p]roof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability.'" *Id*. (citing *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993)) (emphasis added).

Here, neither Plaintiffs' Response nor the Complaint offer anything in the way of prior knowledge or prior incidents that might *arguably* set out a plausible claim that the City acted or failed to act with deliberate indifference to the consequences. Instead, the Response reads as though it was alleging a negligence claim regarding different or better policies, in hindsight. Yet no negligence claim is pending with Plaintiffs' First Amended Complaint. [Doc. 18]. Further, it is well established Section 1983 claims are not to be

5

dragged down into the realm of state tort law and "should have" negligence theories. *Paul v. Davis*, 424 U.S. 693, 701 (1976); *Daniels v. Williams,* 747 U.S. 327, 332 (1986). *Verdecia v. Adams*, 327 F.3d 1171 (10th Cir. 2003).

Plaintiff amended her Complaint. That Complaint comprises the claims before the Court and the facts alleged in support of them. As against prevailing law, and under *Twombly* and progeny, the First Amended Complaint simply does not set out a plausible claim against Wilson individually or against Wilson in his official capacity.

WHEREFORE, foregoing premises considered, Defendant Mason Wilson respectfully requests dismissal from this action in both his individual and official capacities.

Respectfully submitted,

s/ Carson C. Smith
Carson C. Smith, OBA #22303
Robert S. Lafferrandre, OBA #11897
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis Avenue
Oklahoma City, OK 73106
Telephone: (405)235-1611
Facsimile: (405)235-2304
csmith@piercecouch.com
rlafferrandre@piercecouch.com
***Attorneys for Defendants Jake Duggan, Korbin Williams, and Mason Wilson in their official and individual capacities***

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 10th day of May, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Ronald "Skip" Kelly | kellyron01@yahoo.com |
| Chanda R. Graham | ChandaGPLLC@gmail.com |
| Kevin R. Kemper | kemperlawoffice@gmail.com |
| Wellon B. Poe, Jr. | wbp@czwlaw.com |

                s/ Carson C. Smith
                Carson C. Smith