UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVA GIVEN KOPADDY,<br>as Administrator for the Estate<br>of Ronald Givens,<br><br>    Plaintiff,<br><br>v.<br><br>POTTAWATOMIE COUNTY<br>PUBLIC SAFETY CENTER TRUST,<br>an Oklahoma Title 60 authority, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-20-1280-G<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

On April 1, 2024, the Court issued an Order directing Plaintiff Eva Given Kopaddy to show cause in writing why her claims against Defendant Breonna R. Thompson and Defendant Pottawatomie County Public Safety Center Trust should not be dismissed for failure to timely serve under Rule 4(m) of the Federal Rules of Civil Procedure.[1] Plaintiff has submitted her response to the Court's Order, and Defendant Brad Baney has submitted an objection to Plaintiff's response. *See* Doc. Nos. 50, 52. The Court heard further argument regarding the service issue from the parties at the May 1, 2024 telephonic status and scheduling conference.

---

[1] Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As stated at the status conference, the Court finds that Plaintiff has shown under Rule 4(m) that good cause exists for her failure to serve Defendant Pottawatomie County Public Safety Center Trust. Accordingly, Plaintiff shall serve Defendant Pottawatomie County Public Safety Center Trust within 30 days of the date of this Order. The Court finds, however, that Plaintiff has not shown good cause for her failure to serve Defendant Breonna R. Thompson.

Notwithstanding Plaintiff's failure to show good cause regarding her failure to serve Defendant Thompson, the undersigned still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has noted that a permissive extension of time may be appropriate where "policy considerations might weigh in favor of granting a permissive extension of time." *Id.* at 842. In making this determination, the Court must consider: (1) whether "the applicable statute of limitations would bar the refiled action"; (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8 (internal quotation marks omitted).

Here, the undersigned finds no policy considerations meriting additional time for service. Plaintiff has made no further request for additional time or assistance with service. The defendants are not federal officers, and Plaintiff is not a pro se plaintiff proceeding *in forma pauperis*. Further, assuming Plaintiff's statute of limitations has expired, a dismissal

2

under Rule 4(m) would not necessarily bar the refiling of certain of Plaintiff's claims. Oklahoma's "savings statute" may save certain claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes. *Young v. Rios*, No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018). In other words, Plaintiff may be able to refile such claims within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100; *see Young*, 2018 WL 2079509, at *2.

Thus, the *Espinoza* factors weigh in favor of dismissal of the claims against Defendant Thompson under Rule 4(m), and the Court discerns no other policy considerations that might warrant a permissive extension in this case. Further, Plaintiff has been warned that failure to accomplish service would result in dismissal and has been afforded an opportunity to justify her failure to do so. *See Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016). Accordingly, the Court DISMISSES WITHOUT PREJUDICE the claims against Defendant Breonna R. Thompson.

IT IS SO ORDERED this 3rd day of May, 2024.

_____
CHARLES B. GOODWIN
United States District Judge