# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVA GIVEN KOPADDY, ) | |
| as Administrator for the Estate ) | |
| of Ronald Givens, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | Case No. CIV-20-1280-G |
|  ) | |
| POTTAWATOMIE COUNTY ) | |
| PUBLIC SAFETY CENTER TRUST, ) | |
| an Oklahoma Title 60 authority, et al. ) | |
|  ) | |
| Defendants. ) | |

## ORDER

Now before the Court is a Motion to Dismiss (Doc. No. 58) filed by Defendant Pottawatomie County Public Safety Center Trust (the "Trust"). Plaintiff Eva Given Kopaddy has filed a Response (Doc. No. 59), and the matter is now at issue.

*I.     Background and Summary of the Pleadings*

Plaintiff is the court-appointed Administrator of the Estate of Ronald Given, Am. Compl. ¶ 6 (Doc. No. 18), and in that capacity asserts claims stemming from Mr. Given's death.[1] The Trust was established in 2002 for the use and benefit of Pottawatomie County and is responsible for the operation of Pottawatomie County Public Safety Center. *See id.* ¶¶ 7-8.

Plaintiff alleges that on January 8, 2019, the Shawnee Police Department ("SPD") responded to a call at Tractor Supply concerning Mr. Given, who appeared to be suffering

---

[1] Although the pleading identifies the deceased as "Ronald Givens," it is undisputed that his surname is properly spelled "Given."

from a mental health crisis.  *See id.* ¶¶ 19-20.  Police transported Mr. Given to the emergency department of SSM Health St. Anthony Hospital ("St. Anthony Shawnee") in Shawnee, Oklahoma.  *Id.* ¶ 21.  There, medical staff evaluated Mr. Given and determined that he should be placed in a behavioral health center, but there were no beds available in the state.  *Id.*  Mr. Given was therefore admitted to St. Anthony Shawnee with an Emergency Order of Detention.  *Id.*  The transporting officers advised SPD headquarters of the situation and were instructed to "sit on" Mr. Given until he could be transported to a behavioral center.  *Id.*

On January 9, 2019, SPD Officer Jake Duggan arrived at St. Anthony to relieve Officer Korbin Williams, who was previously assigned to watch Mr. Given.  *Id.* ¶ 22.  Plaintiff alleges that after Officer Duggan's arrival, Mr. Given continued to exhibit symptoms of a mental health crisis.  *See id.*  Officer Duggan ultimately placed Mr. Given under arrest and transported him by patrol car to the Pottawatomie County Public Safety Center ("PCPSC").  *Id.*

After Officer Duggan and Officer Williams delivered Mr. Given to the PCPSC, Plaintiff alleges that PCPSC personnel exceeded ordinary and reasonable force in attempting to subdue Mr. Given, causing him to suffer cardiac arrest.  *See id.* ¶¶ 27-32.  Mr. Given, unconscious, was then taken by ambulance back to St. Anthony Shawnee.  *Id.* ¶ 30.  He was thereafter transferred to St. Anthony Hospital in Oklahoma City.  *Id.* ¶ 33.  He arrived at the Oklahoma City facility comatose and intubated, and he died on January 16, 2019.  *Id.*  Plaintiff alleges that Mr. Given's death was the result of the altercation at the PCPSC.  *See id.* ¶ 37.

On March 16, 2021, Plaintiff filed an Amended Complaint against the Trust and various Pottawatomie County and City of Shawnee officials, bringing federal constitutional claims pursuant to 42 U.S.C § 1983. *See id.* ¶ 1. The Trust seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that all claims against the Trust are barred by the applicable statute of limitations.

## II.     Standard of Decision

Plaintiff brings her claims against the Trust pursuant to 42 U.S.C. § 1983, a "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). To succeed on a claim under § 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States," and that the violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Bare

legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

    *III.    Discussion*

The Trust argues that Plaintiff is precluded from pursuing her 42 U.S.C. § 1983 claims because they are barred by the applicable statute of limitations. As noted in the Motion, a two-year limitations period governs Plaintiff's § 1983 claims. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (citing Okla. Stat. tit. 12, § 95(A)(3)); Def.'s Mot. at 4-5. "Federal law governs when the action accrues." *Id.* Under federal law, "claims accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (alteration and internal quotation marks omitted). Because the "injury" in a § 1983 action "is the violation of a constitutional right," a § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (internal quotation marks omitted); *accord Alexander*, 382 F.3d at 1215.

Here, the parties agree that Plaintiff's cause of action accrued on or about January 16, 2019, with the death of Mr. Given. Plaintiff then filed the initial Complaint (Doc. No. 1) in this action on December 22, 2020, within the two-year limitation period. The Complaint identified PCPSC as a defendant rather than the Trust. *See id.* at 1. Defendant represents that its current counsel, as counsel for PCPSC, at that time contacted Plaintiff's

4

then-counsel to advise that PCPSC, as a jail facility, was not subject to suit and that the proper party defendant was the Trust. *See* Def.'s Mot. at 1-2. "Plaintiff's former counsel advised that he intended to file an amended complaint," and on March 16, 2021, the Amended Complaint was filed with the Court. *Id.* at 2.

The Trust contends that Plaintiff's § 1983 claims against it are untimely because the Trust was not named as a defendant until the March 16, 2021 filing of the Amended Complaint—about two months after the two-year limitations period expired. *See* Def.'s Mot. at 5-7. The Motion nominally argues that because the Trust is a separate entity from the prior defendant, PCPSC, the claims of the Amended Complaint do not "relate back" to the date of the filing of the initial Complaint. *See id.* Plaintiff does not dispute that the Trust and PCPSC are separate entities but asserts that relation back is proper under Rule 15(c) of the Federal Rules of Civil Procedure. *See* Pl.'s Resp. 2-6.

Rule 15(c) functions in "limited circumstances" to "save[] an otherwise untimely amendment by deeming it to 'relate back' to the conduct alleged in the timely original complaint." *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 961 (10th Cir. 2012). The Rule provides:

> **(c) Relation Back of Amendments.**
>
> **(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). The Supreme Court has stated that the purpose of the relation-back doctrine is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010).

The Trust's sole objection—that it is not the same party as PCPSC—implicates Rule 15(c)(1)(C), so the Court considers each requirement in turn.

First, it is indisputable that "Rule 15(c)(1)(B) is satisfied," as the Amended Complaint asserts claims that arose out of the same conduct as alleged in the Complaint. Fed. R. Civ. P. 15(c)(1)(C); *see id.* R. 15(c)(1)(B). *Compare* Compl. ¶¶ 22-38, *with* Am. Compl. ¶¶ 19-39.

Second, pursuant to the Court's Order, Plaintiff was required to serve the Trust with summons and the Amended Complaint no later than June 2, 2024. *See* Order of May 3, 2024 (Doc. No. 54). The Trust was served on or about May 13, 2024. *See* Doc. No. 56; Def.'s Mot. at 2. It is evident from the Trust's own motion that long before this date the Trust "knew or should have known that the action would have been brought against it" but

6

for Plaintiff's mistake concerning the proper party. Fed. R. Civ. P. 15(c)(1)(C)(ii); *see* Def.'s Mot. at 1-2 (describing conversations on this topic shortly after the lawsuit was filed in December 2020).

Finally, the Trust does not attempt to show that it "will . . . be prejudiced" by the notice received in defending itself in this action. Fed. R. Civ. P. 15(c)(1)(C)(i). Nor is any such prejudice reasonably reflected in the record before the Court. *Cf.* Pl.'s Resp. at 5 ("[T]he . . . attorney who was defending [PCPSC] and advised Plaintiff's counsel of the appropriate party's name is the same attorney who is defending [the] Trust.").

"The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984). For the reasons set forth above, the Court concludes that the Trust has received due notice and that relation back of the claims raised against the Trust in the Amended Complaint is proper under Federal Rule of Civil Procedure 15(c). These claims therefore are not subject to dismissal as time barred.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Doc. No. 58) is DENIED.

IT IS SO ORDERED this 25th day of March, 2025.

CHARLES B. GOODWIN
United States District Judge